**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMFREE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | 1:04-CV-3711 JTC |
| J. WALTER, INC., and | ) | |
| J. WALTER COMPANY, LTD. | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

**ZYMO INTERNATIONAL, INC.'S (1) REPLY MEMORANDUM IN
RESPONSE TO OPPOSITION OF DEFENDANTS J. WALTER, INC. AND
J. WALTER COMPANY, LTD. TO MOTION TO INTERVENE, (2) REPLY
MEMORANDUM IN RESPONSE TO CONDITIONAL OPPOSITION OF
PLAINTIFF CHEMFREE CORPORATION TO MOTION TO
INTERVENE, AND (3) OPPOSITION BRIEF IN RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

COMES NOW, ZYMO INTERNATIONAL, INC. (hereinafter "Movant" or

"ZYMO"), by and through its undersigned counsel, and hereby files this its (1)

Reply Memorandum in Response to Opposition of Defendants to Motion to

Intervene, (2) Reply Memorandum in Response to Opposition of Plaintiff to

1

Motion to Intervene, and (3) Brief in Opposition to Plaintiff's Motion to Compel Arbitration[1], and respectfully shows:

## I. <u>INTRODUCTION</u>

ZYMO submits this brief in reply to the opposition brief of Defendants J. Walter, Inc. and J. Walter Company, Ltd. ("Defendants") (**Court Docket #9**7), in reply to the conditional opposition of Plaintiff ChemFree Corporation, Inc. ("Plaintiff") (**Court Docket #98**), and in opposition to Plaintiff's Motion to Compel Arbitration (**Court Docket #98**).

As explained in detail in ZYMO's Motion to Intervene, ZYMO was the co-owner of the patents, which are the subject of the patent infringement claims in this action[2]. ZYMO's rights are identified in a certain Settlement Release and Indemnity Agreement (the "Agreement"), previously filed with this Court under seal. (<u>See</u> Court Docket #61.)

As previously explained, pursuant to Paragraph 2.5 (page 30) of the Agreement, ZYMO elected not to participate in this litigation. (Docket # 86, Exh. A (Complaint in Intervention, ¶ 4).) Specifically, ZYMO agreed to permit

---

[1] Because this is a consolidated brief containing two reply briefs and one opposition brief, the length of this brief complies with the page limitations set forth in U.S. District Court Local Rules, Rule 7.1.D.

[2] ZYMO now asserts that sole ownership of the subject patents has reverted to ZYMO. <u>See</u> Docket # 86, Exh. A (¶¶ 7 – 19).

ChemFree to keep damages recovered from Defendants based on infringement of the subject patents.  (Docket # 101, ¶ 8 and Exh. 3.)  ChemFree had full authority to pursue this litigation without ZYMO.  (Id.)

As explained in ZYMO's Complaint in Intervention, on or about November 4, 2003, ChemFree entered into an agreement entitled "Know How Usage and Consulting Agreement" with Wynns Belgium NV.  (Court Docket # 86, Exh. A (Complaint in Intervention, ¶ 8).)    Because ChemFree granted Wynns Belgium NV either a license to use the patents and/or actual or beneficial use of the patents, and failed to remit half of the royalties to ZYMO for such license or use within thirty business (30) days after ZYMO made demand for the same, on or about October 9, 2005, ChemFree forfeited its rights in the patents to ZYMO.  (Court Docket # 86, Exh. A (Complaint in Intervention, ¶¶ 8 – 17).)

On October 28, 2005, Defendants filed a Motion to Dismiss seeking an order dismissing this lawsuit, because ZYMO was not a party to the lawsuit.  (Court Docket ## 59-1, 59-2.)  Based on this motion, and the forfeiture of ChemFree's patent rights to ZYMO (effective after October 9, 2005), ZYMO filed a Motion to Intervene.  (Court Docket # 86.)  ZYMO seeks to intervene as co-owner, and, as of October 9, 2005, the sole owner, of the disputed patents in order to actively pursue the claims against Defendants for infringement, injunction, and damages, and to

assert claims against Plaintiff in connection with the Agreement, seeking damages and declaratory relief, including declaratory relief establishing that ZYMO is now the sole owner of the patents.  Whatever the outcome of ZYMO's claims, ChemFree retains its rights to recover damages from Defendants for patent infringements occurring before October 9, 2005.  (See Docket # 86, Exh. A (Complaint in Intervention, ¶¶ 16, 19, 24).)

Pursuant to Federal Rules of Civil Procedure, Rule 24(a), the following four conditions must be satisfied to permit intervention as a matter of right:

1.      the application is timely;

2.      the applicant has an interest relating to the property or transaction which is the subject of the action;

3.      the applicant is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and

4.      the applicant's interest will not be represented adequately by the existing parties to the suit.

Utahns for Better Transportation v. U.S. Dpt. Of Transportation, 295 F.3d 1111, 1115 (10th Cir. 2002).  As explained in detail in ZYMO's Motion to Intervene, ZYMO's motion was timely, ZYMO has an interest in the disputed patents, disposition of this case may impede ZYMO's ability to protect its patent rights,

and ChemFree may not adequately represent ZYMO in this action.  (See Docket # 86, pp. 3 – 9[3].)

Neither Plaintiff nor Defendants dispute that ZYMO satisfied the four elements under FRCP Rule 24(a) or the elements for permissive intervention under FRCP Rule 24(b).  (Court Docket # 97, pp. 5 - 6; # 98, pp. 20 - 28.)  Consequently, ZYMO's motion should be granted.

Rather, Plaintiff and Defendants make procedural arguments.  ChemFree argues that ZYMO should be conditionally permitted to intervene in this action, but solely to cure its standing issue, and should not be permitted to actively participate in the litigation.  (Court Docket # 98, pp. 5 – 6.)  Alternatively, ChemFree argues that ZYMO should be compelled to arbitrate its dispute with ChemFree, ostensibly pursuant to the Agreement, and, in the interim, the Court should stay ZYMO's Motion to Intervene.  (Court Docket #98, pp. 6 – 7.)  As explained in detail below, both arguments lack merit.

Defendants argue that the Court should dismiss this action, rather than permit ZYMO to intervene.  Defendants claim that ChemFree did not have the

---

[3] For the purposes of this Motion to Intervene, the Court must accept as true the allegations made in ZYMO's Motion to Intervene and its proposed complaint in intervention.  Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 819 (9th Cir. 2001); Reich v. ABC/York-Estes Corp., 64 F.3d 316, 321 (7th Cir. 1995).

right to initially file the action without ZYMO's participation, and rather than join ZYMO now, the action should be dismissed.  Defendants' position is unsupported by authority or logic, as explained in detail below.  Defendants do not dispute that ZYMO has satisfied all four elements required to establish intervention as a matter of right under FRCP Rule 24(a).  (Court Docket # 97, pp. 5 – 6.)  Consequently, ZYMO's Motion to Intervene should be granted.

## II.  ARGUMENTS AND CITATION OF AUTHORITY

**A.**     **Pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, ZYMO Must Be Permitted to Intervene as a Matter of Right, because Defendants Do Not Dispute that ZYMO Has Satisfied the Elements for Intervention**

As explained above, and in detail in ZYMO's Motion to Intervene, ZYMO has satisfied all four elements necessary to establish intervention, as a matter of right.  See Utahns for Better Transportation v. U.S. Dpt. Of Transportation, 295 F.3d 1111, 1115 (10th Cir. 2002); Court Docket # 86, pp. 3 - 9.  Defendants have not disputed this.  (Court Docket # 97, pp. 5 - 6.)  Rather, Defendants argue that ChemFree never had the right to file this lawsuit because ZYMO was not included as a co-plaintiff, and that dismissal is the appropriate remedy.  (Court Docket # 97, p. 5.)  To justify dismissal, Defendants argue that "Plaintiff never had the right to

file this case" as demonstrated by ZYMO's purported contention "that ChemFree had no right to sue on the Patents." (Court Docket # 97, p. 5.) Defendants' claims are false and unsupported by fact or law.

ZYMO has never claimed or implied that ChemFree had no right to sue on the patents. Rather, ZYMO's counsel stated the exact opposite. (See Court Docket #101, ¶ 8 and Exh. 3.) ZYMO informed ChemFree that ZYMO did not wish to participate in the lawsuit but ChemFree was free to pursue the litigation and retain any damages recovered therefrom. (Id.)

Presumably, to reach their faulty conclusion, Defendants misread ZYMO's proposed Complaint in Intervention. In the Complaint in Intervention, ZYMO alleges that, after October 9, 2005, ChemFree forfeited to ZYMO all rights and interests in the Patents. (Court Docket # 86, ¶¶ 16, 19, 24.) Thus, ZYMO obtained all ChemFree's rights to damages against Defendants that accrued after October 9, 2005. However, a party's right to file suit is determined based on the date the lawsuit was filed, not thereafter. Sicom Systems Ltd. v. Agilent Technologies, Inc., 427 F.3d 971, 975-76 (Fed.Cir. 2005); see Court Docket #99, p. 6. At the time ChemFree filed this action, it was an owner of the subject patents. ZYMO did not assert its forfeiture claim against ChemFree until August 2005, more than eight months after ChemFree filed this lawsuit. (Court Docket ## 1, 86 (Exh. A, ¶ 12).)

7

Consequently, at the time ChemFree filed this action, it had constitutional standing and the right to file this lawsuit.  Cf. Sicom Systems Ltd., 427 F.3d at 976.

Even assuming the October 9, 2005 forfeiture of all ChemFree's rights to ZYMO, ChemFree properly filed the action.  Substitution of an assignee of property rights, which are the subject of ongoing litigation, is optional, unless ordered by the Court.  Fed.R.Civ.P. 25(c); General Battery Corp. v. Globe-Union, Inc., 100 F.R.D. 258, 262-63 (D.De. 1982).  The assignor can prosecute the action to conclusion or the assignee may substitute in, at its option.  (Id.)  ChemFree had the right to file this lawsuit.  Defendants' contention to the contrary is baseless.

To reach the conclusion that this action should be dismissed, Defendants repeatedly ignore the distinction between constitutional standing and prudential standing.  (Court Docket # 97, p. 5.)  Defendants claim that "Plaintiff never had the right to file this case."  (Id.)  As ChemFree correctly explains, ChemFree always had constitutional standing to file this action; ChemFree was a co-owner of the disputed patents.  (Court Docket #69, pp. 4 – 5, 15 – 16 (citing Int'l Bus. Mach. Corp. v. Conner Peripherals, Inc., 1994 WL 409493 at #3, 30 U.S.P.Q.2d 1315 (N.D.Cal. 1994).)  While prudential standing may have been lacking at the time the action was filed, prudential standing requirements for a patent infringement case may be satisfied by the joinder of a patent co-owner after the complaint has been

8

filed.  Evident Corp. v. Church & Dwight Co., Inc., 399 F.3d 1310, 1314 (Fed.Cir. 2005); see Court Docket # 99, p. 6 (arguing same).  By joining ZYMO, even after the lawsuit is filed, prudential standing is satisfied.  Id.

As ChemFree correctly states, joinder of ZYMO will not deprive the Court of jurisdiction.  (Court Docket # 69, pp. 26 – 27.)  The Court has personal jurisdiction over ZYMO based on ZYMO's Georgia residence and by ZYMO's filing of its Motion to Intervene.  The Court's subject matter jurisdiction over this case because there is federal question jurisdiction.  Consequently, to the extent ZYMO is a necessary party, as Defendants have repeatedly asserted, this Court must join ZYMO and maintain this action.

Even if there was a legal basis to dismiss this action, which there is not, there certainly is no equitable basis to dismiss it.  Defendants reach the absurd conclusion that "the only fair, just, and equitable result would be for the Court to dismiss the case," let ZYMO and ChemFree sue each other, and, after they resolve their dispute, have the prevailing party re-file an action against Defendants.  (Court Docket # 97, p. 5.)  Defendants cheekily omit that the statute of limitations against Defendants might run in the interim.  After infringing various patents, Defendants should not be rewarded by the sheer happenstance that the patent owners have their own independent dispute.  Cf. ELCA Enterprises, Inc. v. Sisco Equip. Rental &

Sales, Inc., 53 F.3d 186, 191 (8th Cir. 1995).  Moreover, dismissing the case and requiring the re-filing of the same case would constitute the waste of judicial resources that the joinder rules were designed to prevent.  Cf. General Battery Corp. v. Globe-Union, Inc., 100 F.R.D. 258, 262 (D.Del. 1982).  Dismissing the lawsuit would not be fair, just, or equitable.  Defendants' argument is spurious.

Lastly, Defendants contend that it would be unjust to let ZYMO intervene and, then, stay this action while ZYMO and ChemFree resolve their dispute.  (Court Docket # 97, pp. 5 – 6.)  Defendants claim that ZYMO would have the advantage of seeing Defendants' disclosures before having to make its own.  (Id.)  First, ZYMO has a right to intervene, pursuant to Rule 24(a).  Defendants have not disputed this.  Fairness to Defendants is not a factor in this determination.  Rather, protecting ZYMO's rights is the primary concern.  Second, based on the forfeiture identified in ZYMO's Complaint, ZYMO would be stepping into ChemFree's shoes against Defendants, not asserting new, independent rights as Defendants inaccurately assert.  ZYMO would be making the same patent disclosures, not new ones.  Third, Defendants would obtain no benefit by having this case dismissed, rather than letting ZYMO intervene.  In either case, ZYMO will get to see Defendants' previous disclosures before ZYMO has to produce its own.

Defendants' argument lacks any merit.  ZYMO is entitled to intervene as a matter of right.  ZYMO's motion to intervene should be granted.

**B.**   **Pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, ZYMO Must Be Permitted to Intervene as a Matter of Right, because ChemFree Does Not Dispute that ZYMO Has Satisfied the Elements for Intervention**

ChemFree does not dispute that ZYMO has satisfied the elements necessary to establish intervention as a matter of right under FRCP Rule 24(a).  (See Docket # 98, pp. 5 – 6.)  Rather, ChemFree argues that this Court should deny ZYMO's motion to intervene because ZYMO has moved to enter this case using the wrong procedure.  (Docket # 98, pp. 5 – 6, 22 – 23.)  ChemFree contends that ZYMO should have moved to substitute into this action for ChemFree based on the October 9, 2005 forfeiture of rights.  (Docket # 98, pp. 6, 22.)  ChemFree deems this forfeiture to be a transfer of property rights requiring substitution under FRCP Rule 25, not intervention under Rule 24.  (Id.)

However, ChemFree is mistaken.  Rule 25 is procedural only.  ELCA Enterprises, Inc. v. Sisco Equip. Rental & Sales, Inc., 53 F.3d 186, 191 (8th Cir. 1995).  It does not determine whether the interest is transferable or has been transferred as a matter of law.  (Id.)  Substitution is improper until ZYMO

establishes its rights as a matter of law.  (See Id.)  While ZYMO contends that ChemFree automatically forfeited its patent rights to ZYMO, as of October 9, 2005, ChemFree disputes this claim.  (See Docket # 98, p. 23.)  By intervening and filing its Complaint in Intervention, ZYMO is seeking to establish this forfeiture as a matter of law.  Until it does so, substitution is improper.  Moreover, substitution is improper because ChemFree's interest, prior to October 9, 2005, is not terminated.  Intervention was the appropriate procedure.

ChemFree further claims that, because forfeiture is an arbitrable issue under the Co-Ownership Agreement, this Court should stay this action, order ZYMO to arbitrate this issue, and stay the Court's ruling on ZYMO's Motion to Intervene. (Court Docket #98, pp. 2, 22-24.)  ChemFree puts the cart before the horse.  The Court cannot order ZYMO to arbitrate under the Agreement until the Court asserts jurisdiction over ZYMO and its claims.  The Court must grant intervention before it may order ZYMO to arbitrate.  Specifically, as explained in Section II.C., below, the Court must grant ZYMO's Motion to Intervene, authorize the filing of ZYMO's Complaint in Intervention, and permit ZYMO to file and serve the Complaint in Intervention before the Court may even consider ChemFree's Motion to Compel Arbitration (relating to the issues in the Complaint in Intervention). Further, ChemFree's forfeiture of its patent rights is not subject to arbitration.

ChemFree argues that, if ZYMO's Motion to Intervene is granted, ZYMO's rights as a party in this litigation should be limited to the "bare minimum" necessary to defeat Defendants' Motion to Dismiss.  (Court Docket # 98, p. 24.) ChemFree asserts that, through the September 23, 2004 letter, ZYMO has "irrevocably disclaimed" any interest in damages from Defendants.  (Id. at 25.) While ZYMO authorized ChemFree to pursue this litigation without ZYMO's participation, ZYMO did not waive, and could not have waived, its right to participate in this litigation following a reversion of ChemFree's patent rights to ZYMO (making ZYMO the sole owner of the patents).  Under such circumstances, ZYMO clearly has the right to intervene in the lawsuit to protect its patents, which it now solely owns, and to seek damages against Defendants for the period following the reversion.

ChemFree's argument, that ZYMO "irrevocably disclaimed" any interest in damages in this case, fails for another reason.  While ZYMO gave ChemFree the right to pursue damages against Defendants in its September 2004 letter, ZYMO now seeks to intervene in this lawsuit, in part, based upon the reversion of ChemFree's rights to ZYMO after October 9, 2005.  Thus, ZYMO is seeking to intervene based on the rights previously held by ChemFree.  ZYMO did not (and could not have) waived ChemFree's rights to participate in this lawsuit.

13

Consequently, ChemFree's claim that ZYMO has no right to damages in this litigation is baseless.  (<u>See</u> Docket # 98, p. 25.)  Moreover, it is unclear whether Rule 24(a) permits a Court to limit an intervenor's role in litigation if the party is permitted to intervene as a matter of right.  <u>Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.</u>, 974 F.2d 450, 469-70 (4th Cir. 1992) (<u>citing</u> 7C C. Wright, A. Miller, and M. Kane, <u>Federal Practice and Procedure</u> § 1922, at 50205 (2nd Ed. 1986)).  In any event, under the present circumstances, limiting ZYMO's role in this litigation would be inappropriate.

**C.**     **<u>This Lawsuit Should Not Be Stayed to Permit Arbitration Between ChemFree and ZYMO, because There is No Existing Contract to Arbitrate and, Even if a Contract Exists, Forfeiture of Patent Rights is Not an Arbitrable Issue.</u>**

ChemFree argues that this litigation must be stayed pending the arbitration of ZYMO's claim that ChemFree forfeited its patent rights to ZYMO, as of October 9, 2005. (Docket #98, p. 7.)  As noted above, before the Court may reach this issue, it must grant ZYMO's Motion to Intervene, permit ZYMO to file and serve its Complaint in Intervention, and assert personal jurisdiction over ZYMO and subject matter jurisdiction over ZYMO's claims.  Until it does so, ZYMO is not a party to this action, permitting the Court to compel it to arbitrate, and the

Court does not have subject matter jurisdiction over ZYMO's claims, permitting the Court to order ZYMO to arbitrate such claims.

If the Court determines that it has sufficient jurisdiction over ZYMO and its claims, the Court must analyze the Agreement between ZYMO and ChemFree and determine if a contract to arbitrate exists.  <u>Chastain v. Robinson-Humphrey Co., Inc.</u>, 957 F.2d 851, 854 (1992).  Contrary to ChemFree's claim, whether a contract to arbitrate exists is a determination for the Court to decide not the arbitrator.  (<u>Id</u>.)

Here, no contract to arbitrate exists.  ChemFree's Motion to Compel Arbitration is based upon the false contention that a valid written contract exists between the parties.  Specifically, Defendant claims that an arbitration clause in Paragraph 3.2 of the Agreement must be enforced pursuant to the Federal Arbitration Act ("FAA").  The FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3

Before sending any dispute to arbitration, the District Court must first determine whether there is a binding agreement to arbitrate between the parties.

<u>Chastain v. Robinson-Humphrey Co., Inc.</u>, 957 F.2d 851, 854 (1992) ("the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute).  As demonstrated below, no valid, written contract between the parties presently exists, and therefore, Defendant's Motion to Compel Arbitration must be denied.

No contract to arbitrate currently exists because, when ChemFree's rights automatically reverted to ZYMO, the Agreement terminated.  Pursuant to Section 2.3.4.4. of the Agreement, within thirty (30) business days after ZYMO provided written notice to ChemFree, ChemFree was required to remit half of all royalty payments received from Wynns Belgium NV for its license and/or beneficial use of the patents.  However, ChemFree failed and refused to pay the required royalty. Paragraph 2.3.4.4 of the Agreement, by its terms, requires that the royalty payment be "in arbitration" at the expiration of the thirty (30) business days or ChemFree's right to demand arbitration on this issue expires.  ChemFree did not demand arbitration on this issue before the expiration of thirty (30) business days. Consequently, no contract to arbitrate exists and this issue is not arbitrable.

ChemFree argues that this issue is arbitrable because the Agreement has not "terminated."  (Court Docket # 98, pp. 19 – 20.)  In fact, the Agreement has terminated.  Paragraph 15 of the Agreement specifically provides that it may be

16

terminated by "mutual agreement of the parties."  (Court Docket # 61.)  Paragraph 2.3.4.4 was created by mutual agreement of the parties.  (Court Docket # 61.)  It provides for automatic reversion of the patent rights to ZYMO based on ChemFree's failure to remit royalties to ZYMO within thirty (30) business days after demand for the same.  (Id.)  ChemFree failed to remit the royalties within the specified time.  The reversion affects an automatic termination of the Agreement, pursuant to the parties' mutual agreement in Paragraph 2.3.4.4.

In summary, ChemFree's Motion to Compel Arbitration is MOOT.  At present, the Court has not asserted personal jurisdiction over ZYMO or subject matter jurisdiction over the Complaint in Intervention.  To do so, the Court must grant the Motion to Intervene and let ZYMO file and serve its Complaint in Intervention.  To the extent ChemFree's motion is still appropriate and relevant after such time, ChemFree should be permitted to re-file its motion.

### III. <u>CONCLUSION</u>

ZYMO has satisfied the elements necessary to intervene as a matter of right under FRCP Rule 24(a).  Plaintiff and Defendants do not dispute this.  Consequently, the Court should grant ZYMO's Motion to Intervene, permit ZYMO to intervene in these proceedings as a party Plaintiff, as a matter of right, and authorize the filing of ZYMO's Complaint in Intervention.  In the alternative,

17

the Court should grant the same relief pursuant to permissive intervention under FRCP Rule 24(b).

ChemFree's Motion to Compel Arbitration is MOOT, because the Court has not asserted personal jurisdiction over ZYMO or subject matter jurisdiction over its Complaint in Intervention, which raises the issues which are purportedly subject to arbitration.   Even if jurisdiction was proper, there is no existing agreement to arbitrate and forfeiture is not an arbitrable issue.   ChemFree's Motion to Compel Arbitration should be DENIED.

RESPECTFULLY SUBMITTED, this 9th day of January, 2006.

**HAWKINS & PARNELL, LLP**

  _/s/ Brett A. Mendell_____
Jack N. Sibley
Georgia Bar No. 644850
Brett A. Mendell
Georgia Bar No. 502029

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia 30308-3243
(404) 614-7400

ATTORNEYS FOR MOVANT
ZYMO International, Inc.

18

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CHEMFREE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | 1:04-CV-3711 JTC |
| J. WALTER, INC., and | ) | |
| J. WALTER COMPANY, LTD. | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| ZYMO INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiffs in Intervention, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J. WALTER, INC. and J. WALTER | ) | |
| COMPANY, LTD., Defendants, | ) | |
| and CHEMFREE CORPORATION, | ) | |
| | ) | |
| Defendants in Intervention. | ) | |

## <u>CERTIFICATE OF COUNSEL</u>

In accordance with Local Rule 5.1B, I hereby certify these documents were

prepared in the Times New Roman, 14 point font.

This 9th day of January, 2006.

**/s/ Brett A. Mendell**
Brett A. Mendell
Georgia State Bar No. 502029

Brett A. Mendell
Georgia Bar No. 502059

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia  30308
Telephone (404) 614-7400
Telecopier (404) 614-7500

10197110 v2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHEMFREE CORPORATION,    )
                                 )
      Plaintiff,    )
                                 )    CIVIL ACTION FILE NO.
v.    )
                                 )    1:04-CV-3711 JTC
J. WALTER, INC., and    )
J. WALTER COMPANY, LTD.    )
                                 )
      Defendants,    )
_____)
                                 )
ZYMO INTERNATIONAL, INC.    )
                                 )
      Plaintiffs in Intervention,    )
                                 )
v.    )
                                 )
J. WALTER, INC. and J. WALTER    )
COMPANY, LTD., Defendants,    )
and CHEMFREE CORPORATION,    )
                                 )
      Defendants in Intervention.    )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **ZYMO INTERNATIONAL, INC.'S (1) REPLY MEMORANDUM IN RESPONSE TO OPPOSITION OF DEFENDANTS J. WALTER, INC. AND J. WALTER COMPANY, LTD. TO MOTION TO INTERVENE, (2) REPLY**

**MEMORANDUM IN RESPONSE TO CONDITIONAL OPPOSITION OF PLAINTIFF CHEMFREE CORPORATION TO MOTION TO INTERVENE, AND (3) OPPOSITION BRIEF IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION** was sent by depositing a copy of the same in the United States Mail in an envelope with sufficient postage affixed thereto and addressed as follows:

> James J. Thomas, II
> Gregory S. Brow
> Amir R. Rashid-Farokhi
> McKenna Long & Aldridge LLP
> 303 Peachtree Street, Suite 5300
> Atlanta, Georgia 30308
>
> Matthew T. Bailey
> Rel S. Ambrozy
> McKenna Long & Aldridge LLP
> 1900 K Street, N.W.
> Washington, D.C. 20006-1108
>
> William A. Capp, Esq.
> Marcy l. Sperry, Esq.
> Womble Carlyle Sandridge & Rice, PLLC
> 3500 One Atlantic Center
> 1201 West Peachtree Street
> Atlanta, Georgia 30309

This 9TH day of January, 2006.

> _/s/ Brett A. Mendell_____
> Brett A. Mendell
> Georgia State Bar No. 502029

10197110 v2