# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

```
CHEMFREE CORPORATION,        )
                             )
          Plaintiff,         )
                             )
v.                           )  Civil Action No.
                             )  1:04-CV-3711 JTC
J. WALTER, INC., and         )
J. WALTER COMPANY, LTD.      )
                             )
          Defendants.        )
```

===============================================================

## BRIEF IN SUPPORT OF MOTION TO STRIKE EXPERT REPORT OF PETER ADRIAENS FOR CONTRAVENTION OF THIS COURT'S ORDER DATED OCTOBER 29, 2007 AND FOR NON-COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)(B)

===============================================================

```
                    Submitted by:

                    William A. Capp
                    Georgia Bar No. 108823

                    DUANE MORRIS, LLP
                    700 Atlantic Center Plaza
                    1180 West Peachtree Street
                    Atlanta, Georgia  30309
                    Telephone:  404.253.6975
                    Facsimile:  404.253.6901
                    Email:  bcapp@duanemorris.com

                    Counsel for Plaintiff
                      ChemFree Corporation
```

# <u>TABLE OF CONTENTS</u>

I.   SUMMARY OF GROUNDS FOR RELIEF............................ 1

II.  WALTER'S NEW INVALIDITY CONTENTIONS DISCLOSED FOR THE
     FIRST TIME IN THE ADRIAENS REPORT ARE UNTIMELY........... 2

     A.   WALTER'S INITIAL INVALIDITY CONTENTIONS............. 5

     B.   EARLIER, UNSUCCESSFUL ATTEMPT AT SUPPLEMENTATION..... 7

     C.   COURT ORDER OF OCTOBER 29, 2007..................... 8

     D.   WALTER'S MOTION FOR RECONSIDERATION................. 9

     E.   WALTER AND PROFESSOR ADRIAENS IGNORED THE OCTOBER
          29, 2008, ORDER IN PREPARING AND SUBMITTING THEIR
          INITIAL EXPERT REPORT.............................. 10

          1.   Professor Adriaens' Report Relies on *Hiss*,
               *Guinn*, and *Minkin*................................ 10

          2.   The Court's Rationale For Striking *Hiss*, *Guinn*,
               and *Minkin* extends to the Other References
               Cited on the Face of ChemFree's Patents........ 12

          3.   The Court's Rationale For Striking *Hiss*, *Guinn*,
               and *Minkin* in the October 29 Order Extends to
               the *Knowlton* Reference. ....................... 13

          4.   The Court's Rational For Striking *Hiss*, *Guinn*,
               and *Minkin* in the October 29 Order Extends to
               the *Sims* Reference ........................... 15

          5.   The Court's Rational For Striking *Hiss*, *Guinn*,
               and *Minkin* in the October 29 Order Extends to
               the *Kaiser* Reference. ......................... 15

     F.   THE COURT SHOULD STRIKE PROFESSOR ADRIAEN'S
          OPINION ON 35 U.S.C. §112 "ENABLEMENT" AS AN
          UNTIMELY SUPPLEMENTATION OF WALTER'S INVALIDITY
          CONTENTIONS....................................... 17

III. PROFESSOR ADRIAENS' REPORT FAILS TO COMPLY WITH THE
     MINIMUM REQUIREMENTS OF FED.R.CIV.P. 26(A)(2)(B)........ 18

IV. CONCLUSION. ........................................... 24

# TABLE OF AUTHORITIES

## Cases:

*Innogenetics, N.V. v. Abbott Laboratories*, 512 F.3d 1363
  (Fed.Cir. 2008) ........................................ 2, 24

*KSR Int'l Co. v. Teleflex Inc.*, 127 S.Ct. 1727,
  167 L.Ed.2d 705 (2007) ................................ 22, 23

*In re Kahn*, 441 F.3d 977 (Fed.Cir. 2006).........................23

## Rules:

PLR 4.3 N.D.Ga........................................... 18

PLR 4.3(a)(2) N.D.Ga................................. 19, 20, 22

PLR 4.3, 4.4, 4.5, N.D.Ga...................................... 4

Plaintiff ChemFree Corporation ("ChemFree") herein submits its brief in support of its motion to strike the Expert Report of Peter Adriaens [Docket 313] for Contravention Of This Court's Order dated October 29, 2007 [Docket 274], and for Non-Compliance With Federal Rule Of Civil Procedure 26(a)(2)(B), which motion is filed contemporaneously herewith.

## I.   <u>SUMMARY OF GROUNDS FOR RELIEF</u>.

The Court should strike Professor Adriaens' Initial Expert Report for at least the following three reasons:

1.   Professor Adriaens' invalidity analysis relies heavily on U.S. patents to *Guinn*, *Minkin*, and *Hiss* in direct contravention of the Order of this Court dated October 29, 2007, which struck all three references from Walter's invalidity contentions due to lack of diligence in timely supplementing contentions under this District's Patent Local Rules.  [Docket 274];

2.   Professor Adriaens' report includes new legal theories, including a 35 U.S.C. § 112 "enablement" defense, and multiple new references not disclosed in Walter's Patent Local Rule invalidity contentions, thereby constituting an untimely attempt to supplement Walter's invalidity contentions without an underlying showing of diligence, once again, in direct contravention of the ruling and rationale of this Court's Order of October 29, 2007, striking Walter's earlier, belated attempts

at supplementation as untimely and lacking diligence.   [Docket

274]; and

3.   The report fails to comply with the minimum expert

report requirements of Federal Rule of Civil Procedure

26(a)(2)(B) as applied to patent invalidity obviousness issues.

*See Innogenetics, N.V. v. Abbott Laboratories*, 512 F.3d 1363 (Fed.Cir.

2008)(disallowing expert testimony).

## II.   WALTER'S NEW INVALIDITY CONTENTIONS DISCLOSED FOR THE FIRST TIME IN THE ADRIAENS REPORT ARE UNTIMELY.

Professor Adriaens' export report was disclosed to ChemFree

for the first time on February 29, 2008.  The Adriaens report

contains new legal theories of invalidity and new references

that are asserted for the very first time in this litigation.

Under this Court's Patent Local Rules, Walter's Invalidity

Contentions were due during the fall of 2005, almost two and one

half years ago.  Fact discovery in this case closed in August of

2007, six (6) months before Walter submitted the Adriaens

report.

This Court's Patent Local Rules provide, in pertinent part,

as follows:

LPR 4.3. INVALIDITY CONTENTIONS.

(a) Each party opposing a claim of patent infringement
. . . shall serve on all parties its Disclosure of

- 2 -

Invalidity Contentions **at the time specified in these rules**, which shall contain the following information:

(1) **The identity of each item of prior art** that allegedly anticipates each asserted claim or renders it obvious.

   (i) Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.

   (ii) Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) or entity(ies) from whom PR-8 and the circumstances under which the invention or any part of it was derived.

   (iii) Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entity(ies) involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(2) For each item of prior art disclosed, whether each item of prior art anticipates each asserted claim or renders it obvious. **If the disclosing party contends that a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, shall be identified**.

(3) **A chart** identifying where specifically in each alleged item of prior art each element of each asserted claim is found;

(4) **Any grounds of invalidity based on any applicable provision of 35 U.S.C. § 112**.

(b) The Disclosure shall include a copy of each item of prior art identified in the Disclosure comprising a printed publication if such item of prior art does not

appear in the file history of the patent(s) at issue.
To the extent any such item is not in English, an
English translation of the portion(s) relied upon
shall be produced.

LPR 4.4. TIME FOR DISCLOSURES

(a)  . . . A defendant opposing a claim of patent
infringement shall first make its Disclosure of
Invalidity Contentions and its Response to
Infringement within thirty (30) PR-9 days after the
plaintiff's Disclosure of Infringement Contentions.

LPR 4.5. SUPPLEMENTING OR AMENDING CONTENTIONS.

(a) Disclosures and Responses shall have such binding
effect on a party as a response to an interrogatory
under Rule 33 of the Federal Rules of Civil Procedure.

(b) Each party's Disclosures or Response shall be
supplemented or amended pursuant to the rules for
supplementation and amendment of discovery responses
generally provided for under the Federal Rules of
Civil Procedure.

(c) In addition, any amendment or modification of the
Disclosures or Responses which a party believes are
required in light of a either a claim construction
ruling by the Court or a modification of an opposing
party's Disclosure or Response shall be made within
thirty (30) days of service of such ruling, Disclosure
or Response.

[PLR 4.3, 4.4, 4.5, N.D.Ga. (emphasis added)].  In contravention

of the timing requirements of the foregoing rules, the Adriaens

report improperly supplements Walter's invalidity contentions

by, for the first time, adding ten (10) new references and one

new 35 U.S.C. § 112 written description requirement defense.

### A.   WALTER'S INITIAL INVALIDITY CONTENTIONS.

Walter submitted its initial invalidity contentions on or about September 28, 2005.  [Docket 41].  In its contentions, Walter asserted the WO 92/16314 reference ("*Hakansson-2*") as the **only** prior art patent or printed publication reference.  Walter also asserted that the ChemFree patents had been "derived" from James McClure within the meaning of 35 U.S.C. § 102(f).  [Docket 41, page 3].  However, the **only claim chart** that Walter submitted for compliance with Rule 4.3(a)(3) was a claim chart of *Hakansson-2* as a single, stand-alone, reference.  No claim chart was submitted for the McClure § 102(f) derivation assertion.  No claim chart was submitted asserting any combination of 2 or more references.  With respect to the McClure contentions, Walter further stated that:

> This testimony of McClure and the relevant facts pleaded by McClure are known by ChemFree because ChemFree was a party to the identified action. Defendants also expect to obtain further information on the circumstances of the derivation through discovery and **will supplement these contentions as required**.

[Docket 41, page 3 (emphasis added)].

On October 14, 2005, Walter submitted its Defendants' First Amended Invalidity Contentions.  [Docket 48].  Walter repeated its previous assertion of the *Hakansson-2* reference with an accompanying claim chart.  Walter mentioned the following

additional references, but **did not supply any claim chart** for

them:  (i) U.S. Patent No. 5,656,156 to *Sims*; and (ii) U.S.

Patent No. 5,529,080 to *Minkin*.  [Docket 48, page 2].  Walter also

maintained the §102(f) derivation contention over *McClure*.  **Only**

**one claim chart** was furnished in the contentions at Docket 48.

That claim chart included assertions of *Hakansson-2* as a single,

stand-alone reference only.  No claim charts were furnished as

to *Sims*, *Minkin '080*, or *McClure,* whether alone or in combination

with any other reference.

On October 19, 2005, Walter submitted its Defendants'

Second Amended Invalidity Contentions.  [Docket 49].  The

introductory remarks to the contentions stated as follows:

> Defendants' Second Amended Invalidity Contentions
> repeats Defendants' First Amended Invalidity
> Contentions e-filed and served on October 14, 2005,
> (hereinafter "First Amended Invalidity Contentions"),
> with the sole exception of omitting the document
> attached as Exhibit B to Defendants' First Amended
> Invalidity Contentions and substituting, in its place,
> Exhibit B1 attached hereto, and changing all of the
> First Amended Invalidity Contentions' references to
> "Exhibit B" to read "Exhibit B1." The change effected
> by these Second Amended Invalidity Contentions is not
> substantive, and does not prejudice Plaintiff, because
> the document intended to be Exhibit B, and which is
> attached hereto as Exhibit B1, is an enlarged copy of
> Figure 1 of International Publication No. WO 92/16314,
> titled "Device for Cleaning Objects, Preferably
> Metal", filed March 12, 1991 and published October 1,
> 1992 ("the 'WO '314 publication"), which was properly
> attached as Exhibit A to Defendants' First Amended
> Invalidity Contentions.

[Docket 49, pp. 1-2].  Walter maintained the assertions of invalidity over *Sims*, *Minkin 080* and *McClure*.  However, once again, only one claim chart was furnished in the contentions at Docket 49.  That claim chart included assertions as to *Hakansson-2* as a single, stand-alone reference only.  **No claim charts** were furnished as to *Sims*, *Minkin '080*, or *McClure*.  No assertions of combinations of references with any accompanying claim charts were made.

### B.   EARLIER, UNSUCCESSFUL ATTEMPT AT SUPPLEMENTATION.

On August 17, 2007, just prior to the scheduled dates for the Knowlton, Lashmett, and Bucklin depositions, ChemFree filed a motion with the Court seeking to preclude Walter from submitting any further supplementation to its invalidity contentions.  [Docket 233].  In a knee-jerk response, Walter submitted its Third Amended Invalidity Contentions five days later.  [Docket 236, August 22, 2007].  Walter incorporated by reference its previous invalidity contentions and then, for the first time, added the following references:

- U.S. Patent No. 5,232,299 to *Hiss* entitled *Parts Washer*;

- U.S. Patent No. 5,364,789 789 to *Guinn* entitled *Microbial Cleaner*;

- U.S. Patent No. 3,846,615 to *Athey* entitled *Liquid Temperature Control and Low Liquid Level Detector*:

- U.S. Patent No. 5,427,128 to *Minkin* entitled *Parts Washer Temperature / Pressure Equalization System*;

- A purported "prior use" declaration of Glen Knowlton, including, as an attachment thereto, U.S. Patent No. 5,265,633 to *Knowlton* entitled *Parts Washer*;

- A purported "prior use" declaration of Robert Bucklin;

- A purported "prior use" declaration of William Lashmett;

- A purported "prior use" declaration of Brent Lashmett.

[Docket 236].  Thereafter, on September 20, 2007, ChemFree filed a motion with the Court to strike Walter's Third Amended Invalidity Contentions.  [Docket 258].

**C.   COURT ORDER OF OCTOBER 29, 2007.**

On October 29, 2007, the Court entered an Order [Docket 274] addressing: (i) ChemFree's motion of August 17, 2007, to preclude further supplementation of invalidity contentions [Docket 233]; and (ii) ChemFree's motion of September 20, 2007, to strike Walter's Third Amended Invalidity Contentions. [Docket 258].  In the Order, the Court **<u>GRANTED</u>** ChemFree's September 20, motion, in part, striking seven of the eight references in Walter's Third Amended Invalidity Contentions, including the "prior use" declarations of Lashmett, Bucklin, and Knowlton and, in addition, the U.S. patents to *Guinn*, *Hiss*, and *Minkin 128*.

In their Third Amended Invalidity Contentions, Defendants also claim for the first time that the four Prior Art Patents invalidate the patents at issue in this case.

- 8 -

Three of those Prior Art Patents are listed on the face of the '835 patent, one of the patents-in-suit.  Plaintiff attached a copy of that patent to the Complaint, originally filed on December 20, 2004.  Thus, Defendant was aware of these patents almost three years before including them in their invalidity contentions.  Defendants offer no explanation for why they waited *three years* to explain how the Prior Art Patents invalidate the patents-in-suit.  **<u>Defendants failure to diligently inquire into these patents is unexcusable</u>**, and it serves only to delay this litigation. Therefore, the Court **GRANTS** Plaintiff's motion to strike with respect to any reference to U.S. Patent 5,232,299, U.S. Patent 5,364,789, and U.S. Patent 5,427,128 in Defendant's Third Amended Invalidity Contentions.

[Order, Docket 274, pp. 6-8 (emphasis added)].

### D.   WALTER'S MOTION FOR RECONSIDERATION.

Walter sought reconsideration of the Court's October 29, 2007, Order by filing an (albeit untimely[1]) motion for reconsideration on November 19, 2007.  [Docket 276].  In both its motion and accompanying brief, Walter emphasized that it was seeking reconsideration only as to the four "prior use" declarations.  On the first page of both the motion and brief, Walter made the following statement:

**Defendants do <u>not</u> seek reconsideration of the Court's Order striking the references to three prior art patents**.

[Docket 276, p. 1; Docket 276-2, p. 1 (emphasis added)].

---

[1] Under PLR 7.2E N.D.Ga., motions for reconsideration should be filed within ten (10) days of issuance of an Order.

Briefing on Walter's Motion for Reconsideration was completed on or about December 21, 2007, when Walter filed its reply brief.  The Court thereafter issued an amended scheduling Order on January 8, 2008.  [Docket 288].  The Order called for initial expert reports to be submitted on February 29, 2008.  *Id*. at p. 4.  While the January 8, Order did not expressly deny Walter's Motion for Reconsideration, the unstated implication from the Order is that Walter was expected to submit its initial expert report on invalidity issues on February 29, 2008, and that, in the meantime, the October 29, 2007, Order striking the *Hiss*, *Guinn*, and *Minkin* references remained in full force and effect.

   **E.   WALTER AND PROFESSOR ADRIAENS IGNORED THE OCTOBER 29, 2007, ORDER IN PREPARING AND SUBMITTING THEIR INITIAL EXPERT REPORT.**

        **1.   Professor Adriaens' Report Relies on *Hiss*, *Guinn*, and *Minkin*.**

Notwithstanding the express ruling of the Court striking *Hiss*, *Guinn*, and *Minkin*, from Walter's invalidity contentions, Professor Adriaens' expert report relies heavily on *Hiss*, *Guinn*, and *Minkin* in its invalidity analysis.[2]

─────────────

[2] There is no indication anywhere in the Adriaens report suggesting that it is merely a provisional or conditional opinion pending a definitive ruling on Walter's motion for

Professor Adriaens' expert report identifies and asserts the following eleven (11) references against ChemFree's patents:

- U.S. Patent No. 5,364,789 to *Guinn* entitled *Microbial Cleaner*;

- U.S. Patent No. 5,427,128 to *Minkin* entitled *Parts Washer Temperature / Pressure Equalization System*;

- U.S. Patent No. 5,232,299 to *Hiss* entitled *Parts Washer*;

- U.S. Patent No. 5,265,633 to *Knowlton* entitled *Parts Washer*;

- U.S. Patent No. 5,656,156 to *Sims* entitled *Filtration System for Closed Cycle Parts Washer*;

- European Patent Application No. 309,432 to Hakansson entitled *A Cleaning Method and Apparatus Therefor* ("*Hakansson-1*");

- U.S. Patent No. 5,492,139 to *Lashmett* entitled *Method and Apparatus for Remediating Contaminated Material*;

- U.S. Patent No. 3,522,814 to *Olson* entitled *Washer for Parts and the Like*;

- U.S. Patent No. 5,322,078 to *Tuttle* entitled *Aqueous Parts Washing Apparatus*;

- U.S. Patent No. 3,846,615 to *Athey* entitled *Liquid Temperature Control and Low Liquid Level Detector*; and

- U.S. Patent No. 5,561,059 to *Kaiser* entitled *Substrate Bioavailability Enhancing Chemical Mixture for Use in Bioremediation*.

Of the foregoing eleven references, three were expressly stricken from Walter's Third Amended Invalidity Contentions by the Court's Order of October 29, 2007; namely, U.S. Patent No.

---

reconsideration.  There is no "fall back" opinion offered in the event that the Court denies the motion for reconsideration.

5,232,299 to *Hiss*, U.S. Patent No. 5,364,789 to *Guinn*, and U.S.
Patent No. 5,427,128 to *Minkin*.

> **2.**   **The Court's Rationale For Striking *Hiss*, *Guinn*, and *Minkin* Extends to the Other References Cited on the Face of ChemFree's Patents.**

The Court's rationale for striking *Guinn*, *Hiss*, and *Minkin*
should extend to other patents that were cited on the face of
ChemFree's patents that were attached to the Complaint that was
filed with the Court in 2004.

> Three of those Prior Art Patents are listed on the face of
> the '835 patent, one of the patents-in-suit. Plaintiff
> attached a copy of that patent to the Complaint, originally
> filed on December 20, 2004. Thus, Defendant was aware of
> these patents almost three years before including them in
> their invalidity contentions. Defendants offer no
> explanation for why they waited ***three years*** to explain how the
> Prior Art Patents invalidate the patents-in-suit.
> Defendants failure to diligently inquire into these patents
> is inexcusable.

[Order, Docket 274, page 7 (*emphasis supplied by the Court*].   In addition
to the three patent references expressly stricken in the October
29, 2007 Order, the following references relied on in Professor
Adriaens' report are cited on the face of ChemFree's patents
that are attached as Exhibits to ChemFree's Complaint:

- European Patent Application No. 309,432 ("*Hakansson-1*"),
  cited on the face of at least the ChemFree '110 Patent
  and '226 Patents;

- U.S. Patent No. 5,492,139 to *Lashmett*, cited on the face of
  cited on the face of at least the ChemFree '110 Patent
  and '226 Patents;

- U.S. Patent No. 3,522,814 to *Olson*, cited on the face of at least the ChemFree '110 Patent and '226 Patents; and

- U.S. Patent No. 5,322,078 to *Tuttle,* cited on the face of at least the ChemFree '110 Patent and '835 Patents.

[Docket 1, Exhibits A-E].  Thus, seven (7) of the eleven (11) references relied on by Professor Adriaens are cited on the face of ChemFree's patents attached to the Complaint.  If Walter exhibited a lack of diligence in not supplementing its invalidity contentions with *Hiss*, *Guinn*, and *Minkin* until August 22, 2007, Walter showed an even greater lack of diligence in waiting until February 29, 2008, more than six months later, in attempting to supplement its invalidity contentions with *Hakansson-1*, *Lashmett*, *Olson*, and *Tuttle.*  ChemFree respectfully submits that Professor Adriaens' opinions relying on *Hakansson-1*, *Lashmett*, *Olson*, and *Tuttle* should be disallowed for the same reasons that *Hiss*, *Guinn*, and *Minkin* were stricken from Walter's invalidity contentions last October.

### 3.  The Court's Rationale For Striking *Hiss*, *Guinn*, and *Minkin* in the October 29 Order Extends to the *Knowlton* Reference.

In the October 29, 2007, Order, the Court struck the "prior use" declaration of Glen Knowlton.

In Defendants' Third Amended Invalidity Contentions, Defendants argued for the first time that the four Prior Art Patents and the Declarants' prior public use [*including the Knowlton Declaration*] invalidate the patents-in-

- 13 -

> suit as previously construed by the Court ... The
> untimely disclosures indicate for the first time how
> Defendants were using the Declarants' alleged prior
> public use to invalidate the patents.  This delay
> prejudiced Plaintiff's ability to prepare for trial
> and conduct discovery because Plaintiff was not aware
> *how* Defendants would use the Declarants' testimony
> until seven business days before the close of
> discovery.

[Docket 274, pp. 4-5].

The *Knowlton* patent (U.S. Patent No. 5,265,633) was attached
to the Knowlton declaration that was stricken in the Court's
October 29, 2007 Order.  [Docket 233-3, Exhibit 2].  Thus, it is
self-evident that Walter knew of the *Knowlton* patent at least as
early as when it interviewed Mr. Knowlton in connection with
preparing Knowlton's prior-use declaration, i.e., well before
the *Markman* hearing in this case.  If supplementing Walter's
invalidity contentions with the Knowlton declaration was
untimely in August of 2007, supplementing invalidity contentions
with the *Knowlton* patent in February of 2008, is even more
untimely.  The Court's rationale for striking the Knowlton
declaration should also extend to the *Knowlton* patent.  Thus, the
Court should strike those aspects of Professor Adriaens' report
that rely on the *Knowlton* patent.

**4.**   **The Court's Rational For Striking *Hiss*, *Guinn*, and *Minkin* in the October 29 Order Extends to the *Sims* Reference**

Furthermore, although *Sims* was identified in Walter's 2005 invalidity contentions, Walter never supplied any claim chart for *Sims* and never proposed that *Sims* could be combined with any other reference with an accompanying claim chart.  In other words, Walter never disclosed "how" it intended to use *Sims* against ChemFree's patents.  Once again, this contravened the rationale of the Court's October 29, Order.

> [I]nvalidity contentions serve a function far more important than the mere identity and disclosure of potentially relevant evidence: they explain exactly *how* the opposing party will use that evidence to invalidate the patents.

[October 29, Order, p. 6].  Thus, there mere fact that Walter mentioned *Sims* in its 2005 contentions with no accompanying claim chart does not alter the fact that Walter has shown a lack of diligence in supplementing its invalidity contentions with a claim chart for *Sims*.  Thus, the Court should also strike Professor Adriaens' report as to the *Sims* patent.

**5.**   **The Court's Rational For Striking *Hiss*, *Guinn*, and *Minkin* in the October 29 Order Extends to the *Kaiser* Reference.**

Walter asserted the *Kaiser* reference as an invalidity reference for the first time in this case in Professor Adriaens'

report.   However, Walter knew of *Kaiser* and should have asserted

*Kaiser* much earlier in this case in order to comply with the Local

Rules.



**Figure 1 – Walter's Web Site Identifies the Inventor
of the *Kaiser* patent as a Colleague of Bert Overland.**

Walter's web site features a page devoted to its ownership

and implementation of U.S. Patent No. 6,057,147 to Overland.

PTO records indicate that Walter acquired the Overland patent in

October of 2005 and that Walter's then-trial counsel (McKenna,

Long & Aldridge) facilitated the transaction.   [Civil Action

1:07-cv-1929 (JTC), Docket 13, Exhibit 3].  The Overland patent

[Civil Action 1:07-cv-1929 (JTC), Docket 13, Exhibit 2], lists

only ten (10) references.  The Overland patent specification

relies on the teachings of *Kaiser*:

> The microbial cleaning solution used in the present
> invention is a product of NATURES WAY, INC. sold under
> the trademark of PC$^{TM}$ and protected under U.S. Pat. No.
> 5,561,059 to *Kaiser* ...

[*Id*. at Col 5, lines 57 – 62].  Walter's counsel has had intimate

personal contact with Overland during discovery and even

represented Overland in a subpoena motion proceeding.  [Civil

Action 1:07-cv-1929(JTC) transferred from Washington District

Court].  Thus, as with the foregoing references, Walter has no

excuse for not asserting *Kaiser* earlier in this litigation.

    In summary, ChemFree moves the Court to apply its rationale

from the October 29, 2007, Order so as to preclude Professor

Adriaens from relying on ten of his eleven references; namely,

*Guinn*, *Hiss*, *Minkin '128*, *Knowlton*, *Hakansson-1*, *Lashmett*, *Olson*, *Tuttle*, *Sims*,

and *Kaiser*.

> **F.**    **THE COURT SHOULD STRIKE PROFESSOR ADRIAEN'S OPINION ON
> 35 U.S.C. §112 "ENABLEMENT" AS AN UNTIMELY
> SUPPLEMENTATION OF WALTER'S INVALIDITY CONTENTIONS.**

    In addition to greatly expanding Walter's obviousness

defense by asserting multiple new references, Professor

Adriaens' has also expanded Walter's invalidity defense by

asserting, for the first time, a defense under the written
description requirements of 35 U.S.C. § 112.  However, this
District's Local Patent Rules make perfectly clear that Section
112 defenses are to be asserted early in the case.

> (a) Each party opposing a claim of patent infringement
> . . . shall serve on all parties its Disclosure of
> Invalidity Contentions **at the time specified in these**
> **rules**, which shall contain the following information:
>
> ... (4) **Any grounds of invalidity based on any**
> **applicable provision of 35 U.S.C. § 112**.

PLR 4.3 N.D.Ga. (emphasis added).  Professor Adriaens'
"enablement" theory is based on nothing more than his reading of
ChemFree's patent specification.  There is no reason why this
defense could not have been asserted back in 2005.  Raising this
defense, for the first time, in an initial expert report is
manifestly unfair, as ChemFree now only has thirty (30) days to
find an expert witness to address this new subject matter and
then prepare and submit a rebuttal report.

### III. PROFESSOR ADRIAENS' REPORT FAILS TO COMPLY WITH THE MINIMUM REQUIREMENTS OF FED.R.CIV.P. 26(a)(2)(B).

Expert witness disclosures are governed by Fed.R.Civ.P.
26(a)(2)(B) which provides, in pertinent part, as follows:

> (2)  *Disclosure of Expert Testimony*: . . .
>
> (B) Except as otherwise stipulated or directed by the
> court, this disclosure shall, with respect to a witness who
> is retained or specially employed to provide expert

testimony in the case or whose duties as an employee of the party regularly involve the giving of expert testimony, be accompanied by a written report prepared and signed by the witness.  **The report shall contain a complete description of all opinions to be expressed and the basis and reasons therefor**; . . .

Professor Adriaens' report fails to comply with the minimum disclosure requirements of Fed.R.Civ.P. 26(a)(2)(B) for an expert report.  In fact, Professor Adriaen's report lacks the minimum amount of disclosure for invalidity contentions required by this Court's Local Patent Rules.

(2) For each item of prior art disclosed, whether each item of prior art anticipates each asserted claim or renders it obvious.  **If the disclosing party contends that a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, shall be identified**.

PLR 4.3(a)(2) N.D.Ga.

Professor Adriaens' report asserts the invalidity of all of ChemFree's patent claims as obvious under 35 U.S.C. § 103.  None of Professor Adriaens' references are touted as anticipatory references under 35 U.S.C. § 102.  In the claim charts provided in Professor Adriaens' report, each claim is asserted as obvious over a combination of references.  For example, claim 1 of the '110 Patent is asserted as obvious in the following conclusory statement appearing at page 32 of the report.

Claim 1 is invalid because it would have been obvious for one of ordinary skill to use the fluids described in Guinn, Hakansson, Knowlton, Lashmett and/or Kaiser with the part

> washer components described in Athey, Hakansson, Knowlton,
> Lashmett, Olson, Sims, and/or Tuttle.

[Docket 313, p. 32].  There are at least two fatal deficiencies
with respect to the foregoing conclusory statement.

The first fatal deficiency is the failure to identify any
discrete combination(s) of references.  The Local Rules require
that  *"If the disclosing party contends that a combination of items of prior art makes a
claim obvious, **each such combination**, . . . shall be identified."*  PLR 4.3(a)(2)
N.D.Ga. (emphasis added).  The multiple use of "or" in Professor
Adriaen's statement makes it impossible to identify which
reference combinations are being asserted.  Given the number of
references listed, plus the fact that Professor Adriaens'
statement does not appear to be limited to just combinations of
two references, the number of possible combinations as almost
endless.  For example, as shown below, there are at least 29
possible, two-reference combinations including:

- *Guinn* in view of *Athey*
- *Guinn* in view of *Hakansson-1*
- *Guinn* in view of *Knowlton.*
- *Guinn* in view of *Lashmett.*
- *Guinn* in view of *Olson.*
- *Guinn* in view of *Sims.*
- *Guinn* in view of *Tuttle.*
- *Hakansson-1* in view of *Athey.*

- *Hakansson-1* in view of *Knowlton*
- *Hakansson-1* in view of *Lashmett.*
- *Hakansson-1* in view of *Olson.*
- *Hakansson-1* in view of *Sims.*
- *Hakansson-1* in view of *Tuttle.*
- *Knowlton* in view of *Athey.*
- *Knowlton* in view of *Lashmett.*
- *Knowlton* in view of *Olson.*
- *Knowlton* in view of *Sims.*
- *Knowlton* in view of *Tuttle.*
- *Lashmett* in view of *Athey.*
- *Lashmett* in view of *Olson*
- *Lashmett* in view of *Sims.*
- *Lashmett* in view of *Tuttle.*
- *Kaiser* in view of *Athey.*
- *Kaiser* in view of *Hakansson-1.*
- *Kaiser* in view of *Knowlton.*
- *Kaiser* in view of *Lashmett.*
- *Kaiser* in view of *Olson.*
- *Kaiser* in view of *Sims.*
- *Kaiser* in view of *Tuttle.*

Mathematically, the number of possible combinations increases almost exponentially as three-reference combinations, and then four-reference combinations, etc. are generated, so that the total number of possible combinations is well into the hundreds.  However, Walter cannot propose any combination of

references unless and until it also gives a **reason** why someone of skill in the art would combine the references.

Thus, the second fatal deficiency in the Adriaens report is Walter's (or Professor Adriaens') failure to furnish a **reason to combine** for **EACH AND EVERY PROPOSED COMBINATION**.

> If the disclosing party contends that a combination of items of prior art makes a claim obvious, **each such combination, and the motivation to combine such items**, shall be identified.

PLR 4.3(a)(2) N.D.Ga. (emphasis added).  Professor Adriaens does not provide **any** motivation or reason to combine **any** combination of two or more references, much less a reason to combine each and every one of the hundreds of possible combinations that he has suggested.

During 2007, the United States Supreme Court issued its decision in *KSR Int'l Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007) which, among other things, modified the "teaching, suggestion, or motivation" ("TSM") test for combining multiple references in an obviousness analysis.  However, contrary to the misconception of some, *KSR* did not abrogate the necessity of showing a reason why references could be combined.

> Often, it will be necessary for a court to look to interrelated teachings of multiple patents; the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art, all in order to

determine whether there was an apparent **reason to combine** the known elements in the fashion claimed by the patent at issue. To facilitate review, this analysis should be made explicit. *See In re Kahn*, 441 F.3d 977, 988 (Fed.Cir. 2006). ("**[R]ejections on obviousness grounds cannot be sustained by mere conclusory statements; instead, there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness**").

*KSR, supra* at 1741 (emphasis added).

One of the first decisions to apply *KSR* is *Innogenetics, v. Abbott Laboraties*, 512 F.3d 1363 (Fed.Cir. 2008). The *Innogenetics* trial court disallowed expert testimony on facts similar to the instant case. The Federal Circuit, *post-KSR*, affirmed.

The district court did not err in finding that Dr. Patterson's report on the alleged obviousness of the asserted claims of the '704 patent was **deficient for purposes of disclosure under Rule 26**. For each of the claims that he analyzes for obviousness, Dr. Patterson merely lists a number of prior art references and then concludes with the stock phrase "to one skilled in the art it would have been obvious to perform the genotyping method in [claims 1-9 & 12-13] of the '704 patent" ... Nowhere does Dr. Patterson state how or why a person ordinarily skilled in the art would have found the claims of the '704 patent obvious in light of some combination of those particular references ... Such vague testimony would not have been helpful to a lay jury in avoiding the pitfalls of hindsight that belie a determination of obviousness . . . We cannot conclude that the district court abused its discretion when it precluded Dr. Patterson's vague and conclusory obviousness testimony **which did not offer any motivation for one skilled in the art to combine the particular references he cites in order to practice the claimed method**.

*Innogenetics, supra* at 1373-74 (emphasis added).

Professor Adriaens' report commits the same sin that led to the disallowance of the expert report in the *Innogenetics* case. However, in the instant case, the problem is exacerbated by Professor Adriaens' failure to even identify which combinations, out of the literally hundreds of possibilities of possible combinations, are such that someone of skill in the art would have a reason to make the combination.

This Court, following the well-reasoned precedent of *Innogenetics*, should strike Professor Adriaens' expert report and disallow any opinion testimony from Professor Adriaens on the subject of obviousness.

### IV.   CONCLUSION.

From 2005 until August 22, 2007, one week before the close of fact discovery, the only reference for which Walter provided a claim chart was *Hakansson-2* - as a stand-alone reference which was not combined with any secondary reference.  It is now abundantly clear that it has been Walter's intention from the inception of this case to sand-bag ChemFree and this Court by withholding its "true" invalidity contentions until the last possible moment – after the *Markman* hearing, after the close of fact discovery, and not until submission of initial expert reports when ChemFree would only have thirty days to analyze

Walter's "real" defense and prepare a rebuttal.  Thus, *Hakansson-2* was always been just a place-holder.  Now, *Hakansson-2* has been altogether abandoned in favor of unspecified hundreds of possible combinations of eleven different references, at least ten of which were readily available to Walter at or prior to the time of the *Markman* hearing.  The Adriaens report is submitted in brazen disregard of a prior and controlling Order of this Court expressly striking at least three of the asserted prior art references and directly applicable to the remaining references.

The Adriaens report does not satisfy the minimum requirements of Fed.R.Civ.P. 26(a)(2)(B) because it does not specify discrete combinations of references and does not give a reason why each of its unspecified hundreds of combinations of references would be combined by someone skilled in the art. The Court should strike Professor Adriaens' report and disallow his testimony at trial.

Respectfully submitted, this 10th day of March, 2008.

DUANE MORRIS LLP

700 Atlantic Center Plaza
1180 West Peachtree Street NW
Atlanta, Georgia  30309-3448
Tel:  404-253-6900
Fax:  404-393-5183

Counsel for Plaintiff

/s/ *William A. Capp*
_____
William A. Capp
Georgia Bar No. 108823
*bcapp@duanemorris.com*

- 25 -

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 10, 2008, I electronically filed **BRIEF IN SUPPORT OF MOTION TO STRIKE EXPERT REPORT OF PETER ADRIAENS FOR NON-COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)(B) AND FOR CONTRAVENTION OF THIS COURT'S ORDER DATED OCTOBER 29, 2007** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:


Stephen M. Schaetzel, Esq.
KING & SPALDING, LLC
*sschaetzel@kslaw.com*


/s/ *William A. Capp*
William A. Capp


In accordance with Local Rule 7.1D, counsel for Plaintiff certifies that the foregoing has been prepared using the font Courier New 12 point.