# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHEMFREE CORPORATION,       )<br>                                                         )<br>          Plaintiff,                         )<br>                                                         )<br>v.                                                     )<br>                                                         )<br>J. WALTER, INC. and                )<br>J. WALTER COMPANY, LTD.  )<br>                                                         )<br>          Defendants.                   ) | Civil Action No.<br>1:04-CV-3711(JTC) |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS

Defendants' Motion for Leave to Amend its Invalidity Contentions should be granted because:

(1) ChemFree will not be prejudiced by the amendments;

(2) The amendments are not submitted to gain unfair advantage (and will not gain any advantage for Walter, other than allowing the Defendants to properly defend against the patents-at-issue);

(3) Walter has been diligent in presenting the invalidity contentions; and

(4) The importance of the amendments outweigh any perceived lack of diligence (if any).

**I.     The Proposed Amendments**

There are three basic categories of information contained in Defendants' fourth amended invalidity contentions. These categories (and reasons for allowing the amendments) are broken down summary as follows:

**Category One**: Prior art previously allowed by the Court. This includes International Publication No. WO 92/16314 (Hakansson-2), and U.S. Patent Nos. 5,529,080 (Minkin), 3,846,615 (Athey) and 5,656,156 (Sims). Category One references are not at issue in the present motion.

**Category Two**: Prior art not previously asserted in Walter's invalidity contentions, yet known to ChemFree before the start of the present litigation. These references include European Patent Application No. 0 309 432 (Hakansson-1) and U.S. Patent Nos. 5,492,139 (Lashmett), 5,561,059 (Kaiser), 5,265,633 (Knowlton)[1]; and 3,522,814 (Olson). As explained in more detail below, the invalidity contentions should be allowed as to these references because ChemFree was aware of the references and cannot be prejudiced by their inclusion. Although Walter was aware of these references from an early point in the litigation, Walter was not aware of the

---

[1]     The Defendants are unsure when ChemFree became aware of Knowlton; however, at the least, Walter notified ChemFree of the reference as soon as Walter became aware of it during the present litigation.

significance of these references until they were evaluated by Walter's technical expert, Dr. Adriaens. Promptly after Walter learned of the significance of these references, Walter acted diligently to amend its invalidity contentions. Further, Hakansson-1 comprises very similar subject-matter to Hakansson-2, and ChemFree has argued in this litigation that Hakansson-2 is cumulative to Hakansson-1; i.e., each disclose the same elements relative to the patents-in-suit.

**Category Three**: Walter's enablement defense under 35 U.S.C. § 112. As explained more fully below, the enablement defense should be allowed because Walter could <u>not</u> have amended its invalidity contentions before now to include it, despite diligence.

Walter submits that each category above (and each reference within a category) should be treated individually for the purposes of this motion, as different considerations apply.

## II.   ChemFree Will Not Be Prejudiced By The Proposed Amendments

ChemFree alleges essentially two reasons why it will be prejudiced by the amendments. First, ChemFree argues it will be prejudiced because it will not have an opportunity to respond to the amended invalidity contentions. ChemFree, however, has already responded to <u>all</u> three of the above categories through its rebuttal and surrebuttal expert reports submitted by John B. Durkee. (*See*

*generally* Dkt. Nos. 337 and 352.) For example, in ChemFree's rebuttal expert report, Mr. Durkee addressed at length ChemFree's position on Hakannson 1, Hakannson-2, Minkin, Knowlton, Lashmett, Olson, and Kaiser.[2] Similarly, Mr. Durkee has addressed at length Walter's enablement position as presented in the report of Dr. Peter Adriaens, Walter's expert. Thus, ChemFree's statements that it will not have an opportunity to address the issues in the invalidity contentions is simply not true. It has already done so.

Further, the amended invalidity contentions are not submitted in an effort to "enlarge" or as a "substitute" for Dr. Adriaens' expert reports (as suggested by

---

[2] For example, in Dr. Durkee's rebuttal expert report, he discusses Hakansson-1 at pages 54, 60, 64, 65, 74, 83, 84, 90, 119-124, 127, 146, 150, 151, 153, 157, 158, 159, 163, 164, 165, 173, 197, 225, 226, 228, 229, 232, 233, 235, 236, 237, 238, 239, 240, 243, 244; Hakansson-2 at pages 60, 65, 74, 81, 82, 149, 151, 153, 157, 158, 159, 163, 164, 173, 197, 199, 224, 225, 226, 227, 228, 229, 234; Knowlton at pages 79, 90, 104, 114-119, 221; Olson at pages 39, 40, 41, 72, 79, 90, 103, 127, 128, 155, 156, 221; and Kaiser at pages 54-55, 76, 78, 138-145, 151, 154, 159, 167-172, 221, 230-233. (Dkt. No. 337.) Furthermore, at his deposition, Dr. Durkee testified at length regarding Hakansson-1, Hakansson-2, Knowlton, and Olson.

ChemFree), but are instead provided in an effort to harmonize the technical pleadings in this case with the issues that have been identified in Dr. Adriaens' reports. The fact that the invalidity contentions are page-wise longer than Dr. Adriaens' reports has nothing to do with whether it contains the same information as Dr. Adriaens' reports. As exhibited by Dr. Durkee's Exhibit R (attached hereto as Exhibit 1), ChemFree was well aware of the positions taken by Walter and already has had ample opportunity to address the material contained in the amended invalidity contentions. In fact, Dr. Durkee's Exhibit R shows why ChemFree would prefer to keep references such as Hakansson-1 from being considered. For example, with reference to Claim 1 (the only independent claim) of U.S. Patent No. 6,019,110, Dr. Durkee admits that Hakansson-1 discloses 8 of the 10 claimed elements, and that one of the remaining elements is shown in the Athey patent (a Category One reference).[3] Thus, if ChemFree can preclude consideration of Hakansson-1, it avoids application of this reference to the claim and the substantial likelihood that the claim is found invalid.

Second, ChemFree argues it will be prejudiced because claim construction has already occurred. However, ChemFree's position is fully rebutted because it had knowledge of all of the references in Category Two well in advance of the

---

[3]   *See* Exhibit 1 at 2. The "X" indication in column 1, "Hk1" indicates that ChemFree agrees that the referenced claim limitation is met by Hakansson-1.

claim construction hearing.  The only thing "new" at this juncture is how Walter's expert is relying on these references, and ChemFree has addressed such reliance with its own expert witness and at the deposition of Walter's expert, Dr. Adriaens.

The test for amending invalidity contentions, as outlined in C*omputer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 625 (E.D. Tex. 2007),[4] turns on a variety of factors.  It is not determined, however, based solely on when the claim construction hearing is held.  While harm may be more likely to

---

[4] The Defendants rely on *Computer Acceleration*, an Eastern District of Texas case, as persuasive authority on this issue.  The cases cited by Plaintiff to support its position concern belated infringement contentions—not invalidity contentions.  Forcing a defendant to maintain its initial invalidity position and barring any subsequent amendments places the defendant at an extreme disadvantage in the litigation.  The factor approach to amending invalidity contentions, as used by the court in *Computer Acceleration*, is a more reasonable approach to determining whether an amendment to invalidity contentions should be allowed that complies with N.D. Ga. Patent L.R. 4.5 ("Disclosures or Response shall be supplemented or amended pursuant to the rules for supplementation and amendment of discovery responses generally provided for under the Federal Rules of Civil Procedure")—regardless of when the amendment is made, so long as it complies with 35 U.S.C. § 282 and the Federal Rules of Civil Procedure.

occur after claim construction, the specific facts of a case must still be analyzed before a conclusion can be reached as to whether the amendment is proper.

Here, considering that the prior art sought to be added was known to ChemFree, there is no prejudice in allowing the amendment to the invalidity contentions at this stage of the litigation. ChemFree ignores *Computer Acceleration's* factor considering whether <u>undue</u> prejudice will result from the amendment and instead hinges solely on the fact that Walter's reliance on a reference before the Patent Office evidences a lack of diligence. But *Computer Acceleration* squarely addressed this circumstance:

> CAC points out that the '370 patent is cited as prior art in four other patents . . and "a simple search . . ." would have revealed this fact. This works against Microsoft as to the first factor - Explanation for its Failure to Meet Deadline. <u>But on the factor of unfair prejudice, it cuts the other way</u> because it is just as likely that CAC knew about the '370 patent prior to notification by Microsoft. Again, it is difficult to see unfair prejudice.

481 F. Supp at 625 (emphasis added).

Further, because all of the prior art references in Category Two (except perhaps Knowlton) were known to ChemFree at the time it prosecuted its patent applications, it should have constructed its claims to avoid the prior art at that time. And ChemFree undoubtedly made its claim construction arguments based on its knowledge of the prior art of record. To do otherwise would be a misrepresentation as to the coverage of its claims in light of the prior art of record

refuting that position.  *Computer Acceleration* states that "[t]he patent holder wants to <u>know</u> about every possible prior art reference that might invalidate its patent, so that it can carefully craft proposed definitions that make its patent coverage broad as possible … without being so broad as to be invalidated by some prior art reference."  481 F. Supp. 2d at 623 (emphasis added).  The flip side of the above, however, is that a patent holder <u>with knowledge</u> of prior art is not free to ignore it and improperly expand its patent coverage during claim construction.  Accordingly, adding references of which ChemFree was fully aware to the invalidity contentions after claim construction does not prejudice ChemFree.

Additionally, while ChemFree lays down a blanket statement that for some unexplained reason a new claim construction would be necessary, it does not identify any claim elements that would need re-construing, any specific prior art reference responsible for the alleged need to re-construe the claims, or why such a re-construction would be required.  The obvious reason for Chemfree's lack of explanation is that there is no need to re-construe the claims. For example, with respect again to Hakansson-1, Chemfree has asserted on numerous occasions that Hakansson-1 and Hakansson-2 are cumulative.  Thus, the interjection of Hakansson-1 into the invalidity contentions could not possibly require a re-construction of the claims, since Hakansson-1 does not introduce a new element not present in Hakansson-2.

### III. The Four Factor Test of *Computer Acceleration* is Directly Applicable to the Case at Hand

What ChemFree argues relative to the Category Two references is a *per se* exclusion of invalidity contentions if the positions could have been presented earlier. As noted above, a presence of delay does not end the analysis, lest technical rules would effectively trump the fair adjudication of rights in patent lawsuits. The proper analysis comprises a multi-factor test, including: (1) the length of the delay and its potential impact on judicial proceedings; (2) the reason for the delay, including whether it was within the reasonable control of the movant; (3) whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent; (4) the importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure; and (5) the danger of unfair prejudice to the non-movant. 481 F. Supp. 2d at 625.

As outlined in Walter's initial brief on this issue, these factors support granting the Defendants motion for leave to amend.

#### a. Walter did not delay in bringing the present amendments

ChemFree has argued that Walter delayed in bringing both Category Two and Category Three amendments. It is wrong. In the case of Category Two,

Walter brought the amended invalidity contentions as soon as its expert, Dr. Adriaens, pointed out the significance of the references.  ChemFree harps on the fact that Walter's expert should have been hired sooner, yet it fails to mention that its own expert, John Durkee, was not hired until approximately the close of fact discovery in 2007.[5]  ChemFree's double-standard does not prove any delay.

As to enablement (Category Three), Walter was not even in possession of this theory until 2008.  Those contentions required sophisticated technical input.  Therefore, Walter acted diligently in submitting its amended invalidity contentions after Dr. Adriaens advised Walter of the many ways in which the ChemFree patents do not teach how to make and use a bioremediating parts washer under 35 U.S.C. § 112.

### b.  The importance of the amendments supports their allowance

The importance of the amendments outweigh any perceived harm or delay.  While ChemFree can argue broad statements of harm, Walter submits proof that its case will be diminished without the ability to rely on both Category Two and Category Three defenses.  For Category Two, the invalidity arguments developed by Dr. Adriaens rely on the use of prior art sought to be added in the present invalidity contentions.  For example, Defendants submit that the combination of

---

[5]  Mr. Durkee testified at deposition that he was engaged in August of 2007.

Athey, Hakansson-1, and either Olson or Knowlton renders certain of the asserted claims invalid. However, without the amendment to allow the Category Two prior art, the Defendants will effectively be denied their right to assert such references. (See Exhibit 1 attached hereto, which includes references to "Hk1" (Hakansson-1), "Ath" (Athey), "Ols" (Olson), and "Kno" (Knowlton).)

Further, a central issue in the litigation will be whether the prior art discloses a "biodegradable, non-toxic, non-caustic, nonflammable oil dispersant cleaner and degreaser." This is an element of nearly all of the asserted claims. During Dr. Durkee's deposition, he testified that Hakansson-1 disclosed a biodegradable, nonflammable oil dispersant cleaner and degreaser, but not a non-toxic or non-caustic cleaning fluid.[6] Dr. Durkee also testified that he could not tell anything about the cleaning fluid of Hakansson-2 because it did not provide any details regarding its composition. Thus, it is clear that Chemfree appreciates some difference in the substantive disclosure of Hakansson-1 and Hakansson-2 and is

---

[6]   Dr. Durkee's deposition transcript is not yet available, but will be submitted to the Court once it becomes available. Walter vigorously disagrees with Chemfree on the cited point and Dr. Adriaen's will testify the Hakansson-1 does in fact disclose a "biodegradable, non-toxic, non-caustic, nonflammable oil dispersant cleaner and degreaser."

attempting to win this case by keeping out a significant prior art reference. ChemFree seeks to avoid the merits of such defenses.

Similarly, the Category Three defense is highly important to the Defendants case-in-chief. ChemFree alleges that its claims are broad, covering any hydrocarbon degrading microorganism and any cleaning composition that is biodegradable, non-toxic, non-caustic, nonflammable oil dispersant cleaner and degreaser. However, Dr. Durkee stated in his rebuttal expert report (and admitted at deposition) that the only thing that is enabled by the specification of the patents-in-suit is the combination of Seawash-7 (a cleaning fluid of unknown formulation) and LRC-1 (an unknown microorganism). (*See generally* Dkt 337.) The law is clear that the entire scope of the claims must be enabled under 35 U.S.C. §112, not merely a single narrow embodiment.[7] *See*, *e.g.*, Pharmaceutical Resources, Inc. v. Roxane Laboratories, Inc., 2007 WL 3151692, *3 (Fed. Cir. 2007); Amgen, Inc. v. Hoechst Marion Roussel, Inc., 314 F.3d 1313 (Fed. Cir. 2003). Thus, if Walter is prohibited from asserting its Category Three defense, an otherwise invalid patent will be permitted to stand and prevent others from practicing this technology. There is a strong public policy in favor of eliminating invalid patents which militates in favor of permitting Walter to assert this defense.

---

[7]     Walter contends that the combination of Seawash-7 and LRC-1 are not enabled by the specification of the patents-in-suit.

Further, if required, sanctions lesser than striking the entire amended invalidity contentions would be appropriate given the lack of prejudice (if any). At a minimum, the enablement defense should not be subject to exclusion for this and other reasons as set forth in Section IV below.

### c. ChemFree does not rebut any of the factors

ChemFree spends little time discussing the factors outlined in *Computer Acceleration*. Defendants can only assume that ChemFree would rather skirt the analysis and have the Court select the draconian remedy of disallowing amendments to invalidity contentions whenever there is an argument for delay, regardless of whether the amendment would potentially cause <u>undue</u> prejudice to the plaintiff, whether the amendment is vitally important to the defendants' case-in-chief, or whether there is justification.

## IV. The Enablement Defense is Newly Discovered

The enablement defense under 35 U.S.C. § 112 is timely submitted as a viable and credible theory formulated by Walter's expert shortly after being retained by Walter. ChemFree argues that Walter showed a lack of diligence by not formulating the theory earlier, yet then proceeds to explain how Walter retained experts early in the case. (ChemFree's Response at 16-17.)[8] ChemFree's own argument illustrates that Walter was diligent in contacting experts. The

problem, however, is that—despite that diligence—none of the earlier experts formulated the enablement theory.  In the instant case, Walter was not aware of the enablement theory until it was provided by Dr. Adriaens.  However, as soon as Dr. Adriaens formulated his theory, Walter acted promptly to include it in Dr. Adriaens' expert report and sought without delay to amend its invalidity contentions.  Accordingly, Walter should not be punished because its prior experts did not perceive or appreciate the lack of disclosure in the ChemFree patents.  Instead, because all of the factors point toward allowing the amendment (including those related to diligence), Walter requests that it be allowed to amend the invalidity contentions to add the newly-formulated enablement theory (i.e., Category Three).  If ChemFree's position stands, particularly as to enablement, then the expert is bound to what is provided in the invalidity contentions, even though the defense did not exist until such time as the expert had an opportunity to consider the issues and inform the party.  In that circumstance, the expert's opinion becomes nothing but a "rubber stamp."  Walter respectfully submits that the Northern District of Georgia Patent Local Rules were not adopted to prevent a Court from receiving the benefit of an expert's independent opinion under such circumstances.

## CONCLUSION

United States Patent Laws recognize that defendants may take time to formulate opinions as to invalidity positions.  For example, 35 U.S.C. § 283 allows claim charts for invalidity purposes to be submitted up to 30 days prior to trial.  Accordingly, the Patent Statute explicitly recognizes that later-filed contentions are proper in some instances.  The present case is one such instance.

The crux in *Computer Acceleration* is whether the Defendants would gain some unfair advantage by gamesmanship.  *See* 481 F. Supp. 2d at 623.  The situation where gamesmanship occurs is when an <u>undisclosed and unknown</u> piece of prior art is withheld by a defendant in order to gain a tactical advantage.  *See id.*  But here, because ChemFree was aware of the prior art in Category Two and Walter did not have its Category Three enablement defense until formulated by its expert, Walter could not possibly be considered to be "sandbagging" ChemFree.  Instead, Walter comes to the Court with the theories that are of utmost importance to its case-in-chief and requests that the Court grant it leave to amend its invalidity contentions.

Respectfully submitted this 20th day of May, 2008.

KING & SPALDING LLP


<u>/s/  Stephen M. Schaetzel</u>
Anthony B. Askew
   (Ga. Bar No. 025300)
Stephen M. Schaetzel
   (Ga. Bar No. 628653)
Paul J. Murphy
   (Ga. Bar No. 531030)
Robert E. Richards
   (Ga. Bar No. 603844)
David S. Moreland
   (Ga. Bar No. 521998)
Kristen A. Swift
   (Ga. Bar No. 702536)

1180 Peachtree Street
Atlanta, Georgia 30309
Telephone:   (404) 572-4600
Facsimile:    (404) 572-5134

Attorneys for Defendants
J. WALTER, INC. and
J. WALTER COMPANY, LTD

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on May 20, 2008, a true and correct copy of the foregoing DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to all attorneys of record.

This 20th day of May, 2008.

/s/  David S. Moreland
David S. Moreland
   (Ga. Bar No. 521998)

KING & SPALDING, LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5134

Attorneys for Defendants
J. WALTER, INC., and
J. WALTER COMPANY, LTD.

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing has been prepared using Times New Roman, Fourteen point font, pursuant to Rules 7.1D and 5.1C of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia.

This 20th day of May, 2008.

                                                  /s/  David S. Moreland
                                                David S. Moreland
                                                    (Ga. Bar No. 521998)

KING & SPALDING, LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5134

                                                Attorneys for Defendants
                                                J. WALTER, INC., and
                                                J. WALTER COMPANY, LTD.