# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CHEMFREE CORPORATION,       ) | |
|                                    ) | |
|       Plaintiff,       ) | |
|                                    ) | |
| v.       ) | Civil Action No. |
|                                    ) | 1:04-CV-3711(JTC) |
| J. WALTER, INC., and       ) | |
| J. WALTER COMPANY, LTD.       ) | |
|                                    ) | |
|       Defendants.       ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON NON-ENABLEMENT

Defendants' J. Walter, Inc. and J. Walter Company, Ltd. ("Defendants") hereby move this Court for an Order granting it summary judgment due to non-enablement of the claims asserted against it by Plaintiff ChemFree Corporation ("ChemFree").

The full scope of a claimed invention must be enabled. The ChemFree patents broadly claim thousands of microorganisms and thousands of cleaning fluid compositions, but the specifications of the five patents-in-suit, as admitted by ChemFree's expert witness, disclose only one combination of a microorganism product (LRC-1) and one cleaning fluid (Sea Wash 7). Under the case law, the scope of the claims must be less than or equal to the scope of the enabling

disclosure, or else the patent is invalid as a matter of law under 35 U.S.C. § 112, ¶ 1.  Here, the scope of the asserted ChemFree claims is far greater than the scope of the allegedly enabling disclosure.  The ChemFree patent specifications do not enable the full scope of the claimed invention.

Even if ChemFree's claims are limited to the single combination or "embodiment" disclosed in the patent specifications, such a disclosure is <u>not</u> enabling because no specific microorganisms or surfactant compositions are identified.  Instead, the ChemFree patent specifications use only trade names; *i.e.,* LRC-1 (microorganism) and Sea Wash 7 (surfactant) that, as ChemFree's expert has testified, would have been unknown to the person of ordinary skill in the art.  Accordingly, even if narrowly construed, the claims are still invalid under 35 U.S.C. § 112.

For these and the reasons set forth in the accompanying Brief, the ChemFree patents do not provide an enabling disclosure in accordance with 35 U.S.C. § 112, ¶ 1 and are invalid as a matter of law.  Wherefore, Defendants prays that the Court will inquire into and grant its present motion.

Respectfully submitted, this 11th day of June, 2008.

                KING & SPALDING LLP

                /s/ Stephen M. Schaetzel
                Anthony B. Askew
                  (Ga. Bar No. 025300)
                Stephen M. Schaetzel
                  (Ga. Bar No. 628653)
                Paul J. Murphy
                  (Ga. Bar No. 531030)
                Robert E. Richards
                  (Ga. Bar No. 603844)
                David S. Moreland
                  (Ga. Bar No. 521998)
                Kristen A. Swift
                  (Ga. Bar No. 702536)

                1180 Peachtree Street
                Atlanta, Georgia 30309
                Telephone:  (404) 572-4600
                Facsimile:   (404) 572-5134

                Attorneys for Defendants
                J. WALTER, INC. and
                J. WALTER COMPANY, LTD

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on June 11, 2008, a true and correct copy of the foregoing DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON NON-ENABLEMENT was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to all attorneys of record.

This 11th day of June, 2008.

/s/ David S. Moreland
David S. Moreland
  (Ga. Bar No. 521998)

KING & SPALDING, LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5134

Attorneys for Defendants
J. WALTER, INC., and
J. WALTER COMPANY, LTD.