IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHEMFREE CORPORATION,

   Plaintiff,

      v.

J. WALTER, INC., and
J. WALTER COMPANY, LTD.

   Defendants.

CIVIL CASE NO.
1:04-CV-3711-JTC

## O R D E R

This matter is currently before the Court on Plaintiff's motion to strike
the expert report of Dr. Peter Adriaens [#317], Defendants' motion to amend
the expert report of Dr. Peter Adriaens [#339], and Defendants' motion for
leave to amend their invalidity contentions [#348].  These motions involve
various prior art references and invalidity arguments included in Dr.
Adriaens's expert report and in Defendants' proposed fourth amended
invalidity contentions.  For the following reasons, Plaintiff's motion to strike
[#313] is **GRANTED in part** and **DENIED in part**, Defendants' motion to
amend Dr. Adriaens's expert report [#339] is **DENIED**, and Defendants'
motion to amend their invalidity contentions [#348] is **GRANTED in part**
and **DENIED in part**.

## I.     Background

### A.     The Patents-in-Suit

The technology at issue in this patent infringement action involves environmentally friendly parts washers.  There are five patents-in-suit, each of which derive from a "parent" application that was filed by Plaintiff on September 30, 1994.  Plaintiff prosecuted the applications that eventually resulted in four of the patents-in-suit.  Non-party Advanced Bioremediation Systems, Inc. ("ABS/ZYMO") prosecuted the application that resulted in the other patent-in-suit.  ChemFree and ABS/ZYMO are now co-owners of the five patents-in-suit, each owning an undivided fifty percent interest.

### B.     Dr. Adriaens's Expert Report

On February 29, 2007, Defendants filed the expert report of Dr. Peter Adriaens.  In his expert report, Dr. Adriaens makes two separate findings:

1.     The five patents-in-suit are deficient under 35 U.S.C. § 112 because they do not enable a person skilled in the art to make and use the technology (the "enablement defense"); and

2.     Various claims of each of the patents-in-suit are rendered obvious by numerous prior art references.

After Dr. Adriaens filed his report, Plaintiff moved to strike the report on several grounds.  Defendants also filed a motion to amend Dr. Adriaens's report in order to clarify his reliance on two prior art references mistakenly

omitted from his original expert report.

C.    Defendants' Invalidity Contentions

After Plaintiff filed its motion to strike, Defendants filed a motion seeking to amend their invalidity contentions in order to conform them to the theories set forth in Dr. Adriaens's report.  A brief history of Defendants' prior invalidity contentions is in order.  Defendants submitted their initial invalidity contentions on September 28, 2005.  In their first invalidity contentions, Defendants identified WO 92-16314 ("Hakansson-2") as anticipating or rendering obvious the patents-in-suit.  The only claim chart provided by Defendants in their first invalidity contentions was of Hakansson-2 as a stand-alone reference.

On October 14, 2005, Defendants submitted their first amended invalidity contentions.  In these contentions, Defendants added U.S. Patent No. 5,656,156 ("Sims '156") and U.S. Patent No. 5,529,080 ("Minkin '080") to their obviousness contentions.  The only claim chart provided by Defendants was a claim chart asserting Hakansson-2, but Defendants made references within that claim chart to Sims '156 and Minkin '080.

On October 19, 2005, Defendants submitted their second amended invalidity contentions.  In the introductory remarks to their second amended invalidity contentions, Defendants stated that:

> Defendants' Second Amended Invalidity Contentions repeats
> Defendants' First Amended Invalidity Contentions . . . with the
> sole exception of omitting the document attached as Exhibit B to
> Defendants' First Amended Invalidity Contentions and
> substituting, in its place, Exhibit B1 attached hereto . . . . The
> change effected by these Second Amended Invalidity Contentions
> is not substantive . . . .

Thus, Defendants did not make any substantive changes in their second amended invalidity contentions.

On August 22, 2007, Defendants submitted their third amended invalidity contentions. In these invalidity contentions, Defendants incorporated their previous invalidity contentions and included four new prior art patents and four "prior use declarations." On October 29, 2007, this Court struck three of the four new prior art patents and all four prior use declarations from Defendants' invalidity contentions as a result of Defendants' failure to timely and diligently amend their invalidity contentions. (See Order, Oct. 29, 2007.) On June 10, 2008, this Court denied Defendants motion for reconsideration of its October 29, 2007 Order. The only new prior art reference the Court allowed to remain in Defendants' third amended invalidity contentions was U.S. Patent No. 3,846,615 ("Athey '615").

In their proposed fourth amended invalidity contentions, Defendants include the previously disclosed references, and add five additional references – EP 0 309 432 ("Hakansson-1"), U.S. Patent No. 5,492,139 ("Lashmett '139"),

4

U.S. Patent No. 5,561,059 ("Kaiser '059"), U.S. Patent No. 5,265,633

("Knowlton '633"), and U.S. Patent No. 3,522,814 ("Olson '814").  Defendants

did not include these five references in any previous invalidity contentions or

claim charts.  Plaintiff asserts that Defendants should not be permitted to

add these additional references this late in the litigation.

## II.    Defendants' Motion to Amend Their Invalidity Contentions

After Plaintiff filed its motion to strike Dr. Adriaens's expert report,

Defendants filed a motion in which they seek leave to amend their invalidity

contentions to "conform to the theories introduced by" Dr. Adriaens.  In their

fourth amended invalidity contentions, Defendants include the enablement

defense set forth for the first time in Dr. Adriaens's expert report and nine

prior art references which Defendants contend render the patents-in-suit

invalid for various reasons.[1]

As acknowledged by Defendants, the standard for seeking leave to

amend invalidity contentions is more strict than the standard for amending

pleadings.  This Court set forth that standard[2] in its October 29, 2007 Order

---

[1] Defendants also include an inequitable conduct defense.  However, the Court previously granted Plaintiff's motion for summary judgment on Defendants' inequitable conduct claims.  (See Order, June 10, 2008.)

[2] Defendants urge the Court to adopt the multi-factor test set forth in Computer Acceleration Corp. v. Microsoft Corp., 481 F. Supp. 2d 620 (E.D. Tex. 2007).  In that case, the Eastern District of Texas set forth a "*non-exclusive* list of

striking portions of Defendants' third amended invalidity contentions:

> The Patent Local Rules for the Northern District of Georgia were adopted in order to "facilitate the speedy, fair and efficient resolution of patent disputes." N.D. Ga. Patent L.R. 1.2(a). The Rules provide that parties may amend their invalidity contentions "pursuant to the rules for supplementation and amendment of discovery responses generally provided for under the Federal Rules of Civil Procedure." N.D. Ga. Patent L.R. 4.5.

> Under the Federal Rules of Civil Procedure, "[a] party is under a duty seasonally to amend [its discovery responses] if the party learns that the response is in some material respect incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(2) (emphasis added). If a party fails to "seasonably amend" their responses, that party may not use the information as evidence absent a showing of "substantial justification." Fed. R. Civ. P. 37(c)(1).

> Similarly, the Northern District of California's[3] rules regarding amending contentions provide that "[a]mendment or modification of the . . . Invalidity Contentions, other than as expressly permitted in Patent L.R. 3-6, may be made . . . only upon a showing of good cause." N.D. Cal. Patent L.R. California courts interpret "good cause" to require "a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery." O2 Micro

---

factors" courts should consider in deciding whether late filed contentions should be excluded: (1) the length of delay and its potential impact on the proceedings; (2) the reason for the delay and whether it was within the control of the movant; (3) whether the offending party was diligent in amending its contentions; (4) the importance of the information at issue and whether a lesser sanction would be appropriate; and (5) the danger of unfair prejudice to the non-movant. Id. at 624-625. Even if the Court were to adopt this multi-factor test, it would not affect the Court's decision because most factors weigh in favor of denying Defendants' motion.

[3] Decisions of the Northern District of California, on whose local patent rules this District's local patent rules are based, are persuasive authority on issues concerning this District's local patent rules. See McKesson Info. Solutions LLC v. Epic Sys. Corp., 242 F.R.D. 689, 695 n.1 (N.D. Ga. 2007) (Camp, C.J.).

Int'l Ltd. v. Monolithic Power Sys., 467 F.3d 1355, 1363 (Fed. Cir. 2006).

Therefore, parties must be diligent in amending their contentions after the discovery of new evidence.  See Tillotson Corp. v. Shijiazhaung Hongray Plastic Prods., 4:05-CV-0118-RLV, 2007 WL 1247121, at * 6-7 (N.D. Ga. April 30, 2007) (Vining, Jr., J.) (noting that "the burden is on the [amending party] to show that it was diligent in amending its pleadings.") (citing O2 Micro, 467 F.3d at 1367-68).

(See Order, Oct. 29, 2007 at 3-4.)  Thus, in order to be permitted to amend their invalidity contentions to conform to Dr. Adriaens's report, Defendants must show that they were diligent in amending their invalidity contentions after discovering the new evidence.

The strict requirements on invalidity and infringement contentions serve an important function:

> The Local Patent Rules have been characterized as an "exercise in forced door closing," in the sense that they force the parties to take infringement and invalidity positions early in the litigation and stick to them.  For instance, a plaintiff asserting patent infringement must detail specifically, within sixty days of the defendant's answer, how it contends the defendant is infringing its patent.  See LPR 4.1; LPR 4.4(a).  Likewise, a defendant must soon thereafter specifically identify the basis for any claim that the patent asserted is invalid.  See LPR 4.2; LPR 4.4(b).  Both of these requirements put the parties on notice early in the discovery process of the infringement and invalidity issues in the case. They also enable the parties to identify the claim terms in dispute so that the Court may construe only those terms which are relevant to the infringement and invalidity issues identified by the parties.

McKesson Info. Solutions LLC v. Epic Sys. Corp., 495 F. Supp. 2d 1329, 1332 (N.D. Ga. 2007) (Camp, J.).  The rules were adopted "to elicit the parties' positions on infringement and invalidity early in the case.  By requiring the parties to take positions sooner rather than later, the Local Patent Rules discourage gamesmanship and tend to facilitate early resolution of the dispute."  Id.  With these principles in mind, the Court will now address the various amendments Defendants seek to make to their invalidity contentions.

A.     Enablement Defense

Defendants seek to amend their invalidity contentions to include Dr. Adriaens's enablement theory.  Plaintiff argues that, because Dr. Adriaens's enablement theory is based solely on a reading of ChemFree's patent specifications, such a defense could have been raised much earlier in the litigation.  In response, Defendants claim that they first learned of these scientific deficiencies in the patents-in-suit as a result of Dr. Adriaens's review of the patents.  Defendants assert that it took Dr. Adriaens's expertise and knowledge of bioremediation to discover these potential deficiencies.  Defendants moved to amend their invalidity contentions on April 11, 2008, six weeks after Dr. Adriaens submitted his expert report.  Because Defendants did not learn of the enablement defense until Dr. Adriaens's expert report, and because they sought to amend their invalidity contentions

8

shortly thereafter, Defendants' motion to amend is **GRANTED in part** with respect to the enablement defense.

B.     Prior Art References

Defendants's fourth amended invalidity contentions include nine prior art references which Defendants argue render the patents-in-suit invalid. The following is a chart of the prior art references disclosed in each of Defendants' previous invalidity contentions[4], as well as the references included in Defendants' proposed fourth amended invalidity contentions:

|  | Original Invalidity Contentions | First Amended | Second Amended | Third Amended | Proposed Fourth Amended |
|---|---|---|---|---|---|
| Date Filed | 9/28/05 | 10/14/05 | 10/19/05 | 8/22/07 | 4/11/08 |
| Hakansson-2 | X | X | X | X | X |
| Sims '156 |  | X | X | X | X |
| Minkin '080 |  | X | X | X | X |
| Athey '615 |  |  |  | X | X |
| Hakansson-1 |  |  |  |  | X |
| Knowlton '633 |  |  |  |  | X |
| Lashmett '139 |  |  |  |  | X |
| Kaiser '059 |  |  |  |  | X |

---

[4] Excluding the references stricken from Defendants' third amended invalidity contentions.  (See Order, Oct. 29, 2007.)

| Olson '814 | | | | | X |
|---|---|---|---|---|---|

Thus, the prior art references cited in Defendants' fourth amended invalidity contentions can be divided into two categories: (1) prior art included in Defendants' previous invalidity contentions; and (2) prior art cited for the first time in Defendants' proposed fourth amended invalidity contentions.

### 1.    *References Previously Cited by Defendants*

Four of the prior art references cited in Defendants' fourth amended invalidity contentions – Hakansson-2, Minkin '080, Athey '615, and Sims '156 – were also cited in previous versions of Defendants' invalidity contentions. In their proposed fourth amended invalidity contentions, Defendants include claim charts addressing these four references, but the new claim charts appear to be more detailed than the claim charts included in Defendants' previous invalidity contentions.

Because Defendants included these references in their prior invalidity contentions, Plaintiff was already on notice that Defendants would rely on these references in seeking to invalidate the patents-in-suit.  In addition, Defendants' proposed fourth amended invalidity contentions merely explain in more detail their reliance on these prior art references in light of Dr. Adriaens' recent expert opinion.  Therefore, Defendants' motion to amend is

**GRANTED in part** to the extent Defendants are attempting to include new claim charts further explaining their reliance on Hakansson-2, Minkin '080, Athey '615, and Sims '156.

>    2.    *References Cited for the First Time in Defendants' Fourth Amended Invalidity Contentions*

Defendants asserted five prior art references – Hakansson-1, Knowlton '633, Lashmett '139, Kaiser '059, and Olson '814 – for the first time in their proposed fourth amended invalidity contentions.  Defendants admit that each of these prior art references were cited in the file histories of the patents-in-suit.  (Defs.' Mot. to Amend at 4.)  Thus, Defendants were aware – or at least should have been aware –  that each of these references was potentially material to the validity of the patents-in-suit when Plaintiff originally served its complaint on Defendants *over three years ago*.  However, Defendants offer no explanation for why they only recently inquired into the relevance of these references.  Thus, Defendants were not diligent in amending their invalidity contentions to include these prior art references.

Furthermore, Defendants failed to show substantial justification for the delay in amending their invalidity contentions.  Defendants first state that they were waiting on their expert to confirm the validity and correctness of their assertions before seeking to amend their invalidity contentions.

11

However, Defendants do not explain why they waited three and a half years to seek such confirmation.  In addition, allowing Defendants to amend their invalidity contentions to include these new prior art references would substantially delay the trial in this case, as expert discovery ended on May 23, 2008.  (See Order, Jan. 8, 2008.)  Thus, allowing Defendants' untimely amendments would cause unnecessary delay to the trial of this case, and Defendants failed to show substantial justification for their delay.

Defendants argue that Plaintiff will not be prejudiced by allowing them to include these prior art references in their invalidity contentions because Plaintiff has known about the references for longer than Defendants. However, this argument misses the mark.  As this Court previously noted, "invalidity contentions serve a function far more important than the mere identity and disclosure of potentially relevant evidence: they explain exactly *how* the opposing party will use that evidence to invalidate the patents." (Order, Oct. 29, 2007 at 4-5.)  If the Court were to accept Defendants' prejudice argument, parties would always be permitted to explain their invalidity contentions at the eleventh hour whenever the references at issue were cited at some point during the prosecution of the patents in suit.  Such a holding would cut against the express purpose of the Patent Local Rules, which seek to "facilitate the speedy, fair and efficient resolution of patent

12

disputes." N.D. Ga. Patent L.R. 1.2(a).

Lastly, Defendants also argue that it would prejudice their defense if the Court did not allow the amendments.  Any prejudice to Defendants is a result of their own delay in amending their invalidity contentions.  The burden is on Defendants to timely disclose their invalidity contentions, and their failure to meet this burden is no fault but their own.

In sum, Defendants failed to offer any explanation for why they were not diligent in amending their invalidity contentions after discovering these references.  Under this District's Patent Local Rules and the Federal Rules of Civil Procedure, Defendants failed to show substantial justification for their delay.  Therefore, Defendants' motion to amend their invalidity contentions is **DENIED in part** with respect to Hakansson-1, Knowlton '633, Lashmett '139, Kaiser '059, and Olson '814.

## III.   Plaintiff's Motion to Strike Dr. Adriaens Expert Report

Plaintiff argues that the Court should strike Dr. Adriaens's expert report for four reasons:

1.   Dr. Adriaens's report fails to comply with the minimum expert report requirements of Fed. R. Civ. P. 26(a)(2)(B);

2.   Dr. Adriaens relies on three patents which this Court previously struck from Defendants' invalidity contentions ;

3.   Dr. Adriaens relies on other prior art references which should

also be stricken as a result of Defendants' untimely disclosure;

4.  Dr. Adriaens includes a new legal theory in his expert report not previously disclosed in Defendants' invalidity contentions; and

The Court will address each of Plaintiff's arguments, in turn.


A.  <u>Minimum Expert Report Requirements</u>

The Court will first address Plaintiff's argument that Dr. Adriaens's report as a whole does not comply with the minimum expert report requirements of Fed. R. Civ. P. 26(a)(2)(B).  In his expert report, Dr. Adriaens asserts that various claims of each of the patents-in-suit are rendered invalid as obvious under 35 U.S.C. § 103.  Plaintiff contends that Dr. Adriaens failed to provide sufficient motivation or reason to combine various prior art references in suggesting that the patents are invalid as obvious.

In <u>KSR Int'l Co. v. Teleflex, Inc.</u>, 550 U.S. ___, 127 S. Ct. 1727 (2007), the Supreme Court rejected the Federal Circuit's rigid application of the "teaching, suggestion, or motivation" test in determining obviousness in favor of "an expansive and flexible approach."  <u>Id.</u> at ___, 127 S. Ct. at 1739.  Under the "teaching, suggestion, or motivation" test, a patent claim can only be proved obvious if "'some motivation or suggestion to combine the prior art teachings' can be found in the prior art, the nature of the problem, or the

14

knowledge of a person having ordinary skill in the art." <u>Id.</u> at ___, 127 S. Ct. at 1734 (citation omitted).  The Supreme Court found that the Federal Circuit erred in requiring "'finding[s] as to the specific understanding or principle within the knowledge of a skilled artisan that would have motivated one with no knowledge of [the] invention'." <u>Id.</u> at ___, 127 S. Ct. at 1738 (citation omitted).  Under the new approach, "the analysis need not seek out precise teachings directed to the specific subject matter of the challenged claim, for a court can take account of the inferences and creative steps that a person of ordinary skill in the art would employ." <u>Id.</u> at ___, 127 S. Ct. at 1741.

In his expert report, Dr. Adriaens argues that multiple claims in each of the patents-in-suit are rendered obvious as a result of the combination of certain prior art references.  However, in finding that the claims are invalid as obvious, he merely lists several prior art references and then concludes that the claim is rendered obvious.  Dr. Adriaens provides no explanation whatsoever for how a person skilled in the art would have come to that conclusion.  For example, with respect to claim 1 of the '110 patent, Dr. Adriaens sets forth the terms of the claim, lists several prior art references, then concludes that "Claim 1 is invalid because it would have been obvious for one of ordinary skill to use the fluids described in [the prior art references] with the part washer components described in [other prior art references]."

15

(Dr. Adriaens's Report at 27-32.)

Although the Supreme Court adopted a more flexible approach, the Court noted that "[r]ejections on obviousness grounds cannot be sustained by mere conclusory statements; instead, there must be *some articulated reasoning with some rational underpinning* to support the legal conclusion of obviousness." Id. at ___, 127 S. Ct. at 1740 (citing In re Kahn, 441 F.3d 977, 988 (Fed. Cir. 2006)) (emphasis added).  The Supreme Court explained that it will often be necessary for courts to look to various factors "in order to determine whether there was an *apparent reason to combine* the known elements in the fashion claimed by the patent at issue." Id. at ___, 127 S. Ct. at 1740-41 (emphasis added).  The Court held that, to facilitate that review, "*this analysis should be made explicit*." Id. (emphasis added).  Thus, Dr. Adriaens expert report by itself would be insufficient to render the claims of the patents-in-suit obvious.

However, Defendants should be permitted to offer other evidence to bridge this gap and show "some articulated reasoning with some rational underpinning." "[A]n expert is not the only source for evidence that it would be obvious for one skilled in the art to combine references to reach the claimed method." Innogenetice, N.V. v. Abbot Labs., 512 F.3d 1363, 1375 (Fed. Cir. 2008).  Therefore, at this stage in the proceedings, the Court will

not strike Dr. Adriaens report in its entirety, and Defendants are permitted to use Dr. Adriaens's report in support of their obviousness defense.

      B.    <u>Previously Stricken References</u>

Plaintiff also argues that the Court should strike from Dr. Adriaens's report any reference to U.S. Patent No. 5,232,299 ("Hiss '299"), U.S. Patent No. 5,364,789 ("Guinn '789"), and U.S. Patent No. 5,427,128 ("Minkin '128"). The Court previously struck these references from Defendants' invalidity contentions.  (<u>See</u> Order, Oct. 29, 2007.)  After Dr. Adriaens filed his report, Defendants advised the Court in a letter that "Defendants' expert will not rely upon nor provide testimony regarding the references that were struck by the Court in its Order of October 29, 2007."  Therefore, Plaintiff's motion to strike is **GRANTED in part** with respect to Hiss '299, Guinn '789, and Minkin '128.

      C.    <u>Additional Prior Art References Relied Upon by Dr. Adriaens</u>

Plaintiff next argues that Dr. Adriaens's report contains new prior art references not previously disclosed in Defendants' invalidity contentions.  The remaining prior art references relied upon by Dr. Adriaens are: Knowlton '633; Sims '156; Hakansson-1; Lashmett '139; Olson '814; Tuttle '078; Athey '615; Kaiser '059.  Because the Court permitted Defendants to amend their invalidity contentions to include the new claim charts for Athey '615 and

17

Sims '156, Plaintiff's motion to strike is **DENIED in part** with respect to those references.  See supra Section II.B.1.  Similarly, because the Court did not permit Defendants to amend their invalidity contentions to include Hakansson-1, Knowlton '633, Lashmett '139, Kaiser '059, and Olson '814, Plaintiff's motion to strike is **GRANTED in part** with respect to those references.  See supra Section II.B.2.  Lastly, because Defendants never included Tuttle '078 in any of their previous invalidity contentions, and because Tuttle '078 was listed on the face of several of the patents-in-suit, Plaintiff's motion to strike is **GRANTED in part** with respect to Tuttle '078.

     D.    Dr. Adriaens's Enablement Findings

     Lastly, Plaintiff asks the Court to strike the portions of Dr. Adriaens's report regarding enablement under 35 U.S.C. § 112.  For the same reasons the Court allowed Defendants to amend their invalidity contentions to include the enablement defense, Dr. Adriaens is permitted to include the enablement defense in his expert report.  See supra Section II.A.  Therefore, Plaintiff's motion to strike is **DENIED in part** inasmuch as Plaintiff is asking the Court to strike the enablement findings in Dr. Adriaens's report.

**IV.**    **Defendants' Motion to Amend Dr. Adriaens's Expert Report**

     Defendants also filed a motion to amend Dr. Adriaens's expert report.  In the motion, Defendants' assert that Dr. Adriaens wishes to amend his

report to clarify his reliance on two prior art references – Hakansson-2 and Minkin '080 – mistakenly omitted from his original expert report.

Patent Local Rule 7.3 states that "[b]ecause of the complexity of the issues often present in patent cases, amendments or supplementation to expert reports after the deadlines provided here are *presumptively prejudicial* . . ." N.D. Ga. Pat. R. 7.3 (emphasis added).  Amendments to expert reports "shall not be allowed unless (a) the tendering party shows cause that the amendment or supplementation could not reasonably have been made earlier and (b) all reasonable steps are made to ameliorate the prejudice to the responding party."  Id.

Defendants have not shown that the amendment or supplementation could not reasonably have been made earlier.  Defendants state that the omission from Dr. Adriaens's original report of these two references was "inadvertent."  According to Defendants, Dr. Adriaens was mistakenly under the impression that he could not consider one of the references and Defendants failed to provide Dr. Adriaens with a copy of the other reference.  Had Defendants merely reviewed Dr. Adriaens's report prior to submitting it, they could have discovered the error.  Miscommunication between Defendants' counsel and their expert is not sufficient to "show cause that the amendment . . . could not *reasonably* have been made earlier."  Therefore,

Defendants' motion to amend Dr. Adriaens's expert report is **DENIED**.

## V.      Conclusion

For the foregoing reasons, Defendants' motion to amend invalidity contentions [#348] is **GRANTED in part** and **DENIED in part**.  Defendants are **DIRECTED** to file, within ten (10) days of the entry of this Order, final invalidity contentions consistent with this Order.

In addition, Plaintiff's motion to strike [#317] is **GRANTED in part** and **DENIED in part**, and Defendants' motion to amend Dr. Adriaens's report [#339] is **DENIED**.  The following references are stricken from Dr. Adriaens's report: Hiss '299, Guinn '789, Minkin '128, Hakansson-1, Knowlton '633, Lashmett '139, Kaiser '059, Tuttle '078, and Olson '814.

Lastly, the parties' consent motion for extension of time [#364] is **GRANTED**, and Plaintiff's unopposed motion for leave to file supplemental authority [#399] is **GRANTED**.

**SO ORDERED**, this 26th day of August, 2008.

_____
JACK T. CAMP
UNITED STATES DISTRICT JUDGE