IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHEMFREE CORPORATION,<br><br>    Plaintiff,<br><br>        v.<br><br>J. WALTER, INC., and<br>J. WALTER COMPANY, LTD.<br><br>    Defendants. | CIVIL CASE NO.<br>1:04-CV-3711-JTC |

**O R D E R**

This matter is currently before the Court on Plaintiff's motion to disallow enablement invalidity defense as untimely [#378], Plaintiff's motion to strike the summary judgment declaration of Dr. Peter Adriaens [#380], Plaintiff's motion for oral argument [#393], and Plaintiff's cross-motion for summary judgment on Defendants' non-enablement defense [#394]. For the following reasons, Plaintiff's motion to strike Dr. Adriaens's declaration is **GRANTED**, but Plaintiff's remaining motions are **DENIED**.

I.  **Plaintiff's Motion to Disallow Defendants' Enablement Invalidity Defense as Untimely [#378]**

In this motion, Plaintiff asks the Court to disallow Defendants from further arguing their 35 U.S.C. § 112 invalidity defense of non-enablement. In a previous motion, Plaintiff asked the Court to strike the portions of Defendants' expert's report which addressed Defendants' non-enablement

defense on the grounds that the defense was untimely. In addition, Defendants previously sought leave of the Court to amend their invalidity contentions to include their non-enablement defense, which Plaintiff opposed on the grounds that the defense was untimely. For the same reasons the Court permitted Defendants to amend their invalidity contentions to include their non-enablement defense and denied Plaintiff's motion to strike that portion of Dr. Adriaens's expert report, Plaintiff's motion to disallow the non-enablement defense as untimely [#378] is **DENIED**. (See Order, Aug. 26, 2008 at 5-8; 18.) Plaintiff is advised that the Court will not revisit the issue of the timeliness of Defendants' enablement invalidity defense.

## II.   Plaintiff's Motion to Strike Dr. Adriaens's Summary Judgment Declaration [#380]

Plaintiff also asks the Court to strike the declaration of Dr. Peter Adriaens, which Defendants filed in support of their motion for summary judgment. Plaintiff argues that Dr. Adriaens's summary judgment declaration should be stricken as an unauthorized supplemental expert report.

Dr. Adriaens filed his initial expert report on February 29, 2008, his rebuttal report on March 31, 2008, and his reply report on April 16, 2008. Defendants sought leave to amend Dr. Adriaens's initial expert report, which

the Court denied under Patent Local Rule 7.3.  (See Order, Aug. 26, 2008 at 18-20.)  Defendants filed a motion for summary judgment on June 11, 2008, in which they rely on an entirely new declaration prepared by Dr. Adriaens.  This declaration is the subject of Plaintiff's motion to strike.

Patent Local Rule 7.3 states that "[b]ecause of the complexity of the issues often present in patent cases, amendments or supplementation to expert reports after the deadlines provided here are *presumptively prejudicial* . . ." N.D. Ga. Pat. R. 7.3 (emphasis added).  Therefore, amendments to expert reports "shall not be allowed unless (a) the tendering party shows cause that the amendment or supplementation could not reasonably have been made earlier and (b) all reasonable steps are made to ameliorate the prejudice to the responding party." Id.  In order to determine whether Patent Local Rule 7.3 even applies to Dr. Adriaens's summary judgment declaration, the Court must first determine whether Dr. Adriaens's summary judgment declaration is actually an amendment or supplementation to his initial expert report.

Upon a thorough review of Dr. Adriaens's declaration, the Court finds that, although it is labeled as a declaration, Dr. Adriaens's summary judgment declaration is actually an additional expert report which supplements his previous findings.  For example, Dr. Adriaens states "it is my opinion that" or "in my opinion" at least twenty-seven times in his

declaration.  (See, e.g., Dr. Adriaens's Decl. ¶ 6-9, 11-18, 33-36.)  In addition, Dr. Adriaens acknowledges that his declaration contains expert opinions several times by stating that he has made various assumptions "in forming the opinions stated herein."  (Id. ¶ 22, 35.)  Dr. Adriaens concludes by stating "I continue to be of the opinion that the full scope of the asserted claims of the patents-in-suit is not enabled without undue experimentation."  (id. ¶ 37.) The Court concludes that Dr. Adriaens's summary judgment declaration is an amendment or supplementation to his original expert report, and, therefore, Rule 7.3 applies to his declaration.

Furthermore, Defendants offer no explanation as to why the supplementation of Dr. Adriaens's report could not have been made earlier. Nor have Defendants shown that they took all reasonable steps to ameliorate any prejudice to Plaintiff resulting from Dr. Adriaens's untimely supplementation.  Dr. Adriaens's summary judgment declaration is no more than an explanation of the conclusions contained in his original report, and Defendants failed to explain why Dr. Adriaens could not have explained his non-enablement opinions in his initial report.[1]  See STS Software Sys., Ltd. v.

---

[1] Defendants argue that the "applicable law" requires the Court to determine whether Dr. Adriaens's declaration is based upon the "general scheme" of his previously disclosed reports. (Defs.'s Resp. at 18.)  However, to support this proposition, Defendants cite non-binding case law from districts which are not governed by this District's Patent Local Rules or similar patent local rules.

Witness Sys., Inc., No. 1:04-CV-2111-RWS, 2008 WL 660325, at *2 (N.D. Ga. Mar. 6 2008) ("[S]upplementation of expert reports is presumptively prejudicial, *especially where the opinions could have been disclosed earlier* and the prejudice caused cannot be lessened.") (Story, J.) (emphasis added).  For these reasons, Plaintiff's motion to strike Dr. Adriaens's summary judgment declaration [#380] is **GRANTED**.

### III.   Plaintiff's Cross-motion for Summary Judgment [#394]

Defendants filed a motion for summary judgment on June 11, 2008.  In that motion, Defendants argue that the patents-in-suit are invalid because they do not provide an enabling disclosure in accordance with 35 U.S.C. § 112.  In connection with its response to Defendants' motion for summary judgment, Plaintiff filed a cross-motion for summary judgment on Defendants' non-enablement defense.

Expert discovery ended in this case on May 23, 2008.  (See Order, Jan. 8, 2008.)  Therefore, any motions for summary judgment were to be filed no later than June 12, 2008.  (See N.D. Ga. R. 56.1D.)  Plaintiff filed its response to Defendants' motion for summary judgment – which contained Plaintiff's cross-motion for summary judgment – on July 14, 2008, over one month after

---

Defendants failed to address Patent Local Rule 7.3, and the Court will not abandon that rule in favor of an altogether different standard which is contradictory to the "presumptively prejudicial" standard contained in Rule 7.3.

5

the deadline for filing summary judgment motions.  Therefore, Plaintiff's cross-motion for summary judgment [#394] is **DENIED** as untimely.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion to disallow Defendants' enablement invalidity defense [#378] is **DENIED**, and Plaintiff's motion to strike Dr. Adriaens's summary judgment declaration [#380] is **GRANTED**. In addition, Plaintiff's motion for oral argument [#393] is **DENIED**.[2]  Lastly, Plaintiff's cross-motion for summary judgment [#394] is **DENIED** as untimely.

Furthermore, the Court cautions Plaintiff's counsel to refrain from making further inflammatory comments and personal attacks against Defendants, Defendants' counsel, and Defendants' witnesses.  Such comments are unprofessional and only serve to detract from the real issues in the case.

**SO ORDERED**, this 28th day of August, 2008.

*[signature: Jack Camp]*

JACK T. CAMP
UNITED STATES DISTRICT JUDGE

---

[2] See N.D. Ga. R. 7.1E.

6