# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

```
CHEMFREE CORPORATION,          )
                               )
        Plaintiff,             )
                               )
v.                             )   Civil Action No.
                               )   1:04-CV-3711 (JTC)
J. WALTER, INC., and           )
J. WALTER COMPANY, LTD.        )
                               )
        Defendants.            )
```

## PLAINTIFF'S MOTION IN LIMINE NO. 6

## MOTION TO EXCLUDE WITNESSES
## NOT PROPERLY DISCLOSED DURING DISCOVERY

Plaintiff ChemFree Corporation, ("ChemFree"), moves the Court, *in limine*, to limit or restrict Defendants from calling certain fact witnesses to testify at trial who were not properly disclosed during fact discovery.

**1.   Calto and Binner.**

ChemFree shows that Defendants have listed two witnesses on their pre-trial order witness list, Messrs. Binner and Calto, who, heretofore, have never been identified as witnesses in this case prior to Plaintiff's receipt of a draft of Defendants' portion of the pretrial order. In addition, Defendants have, in their portion of the pre-trial order, designated deposition testimony from Messrs. Binner and Calto, whose depositions were taken in other cases (they were never deposed in this case).

ChemFree is aware that Binner and Calto gave depositions in other litigation between ChemFree and Mr. McClure/ZYMO; however, the issues in this case are not identical to the issues in the previous litigation with McClure/ZYMO, among other things, because, at the time of the Binner and Calto depositions, the '226 Patent and the '125 Patent had not yet issued.  If Defendants had properly identified Binner and Calto as persons with personal knowledge of the facts of this case in their Fed.R.Civ.P. 26(a) initial disclosures, ChemFree would have been on notice to depose (in this case re-depose) these witnesses in light of the particular facts of this case.

The instant motion *in limine* is governed by Federal Rule of Civil Procedure 37(c)(1) which provides, in pertinent part, as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion **any witness** or information not so disclosed.

Fed.R.Civ.P. 37(c)(1) (emphasis added).  In this case, the failure to disclose is not harmless, as ChemFree has been deprived of an opportunity to take fact discovery depositions of these witnesses tailored to the issues of this particular case.

### 2. Knowlton, Lashmett, and other as-yet-undisclosed witnesses as "rebuttal" fact witnesses on enablement defense.

On another, somewhat related, matter.  Plaintiff received an early draft of Defendants' pre-trial order witness list that listed Glen Knowlton and William Lashmett as witnesses.  As the Court recalls, Messrs. Knowlton and Lashmett were two of the four so-called "prior-use" declarants from this Court's Order of October 29, 2007, striking most of Defendants' Third Amended Invalidity Contentions. [Dkt 274].

> Because Defendants were not diligent in amending their invalidity contentions, the amendments were not "seasonably made." Defendants showed no "substantial justification" for their delay. In fact, it appears that the reason for the untimely amendments was gamesmanship in an effort to gain a tactical advantage over Plaintiff. For these reasons, the Court GRANTS Plaintiff's motion to strike with respect to any reference to Robert Bucklin, Glenn Knowlton, William Lashmett, or Brent Lashmett in Defendants' Third Amended Invalidity Contentions.

[Dkt 274, pp. 6-7].  Defendants have subsequently informed Plaintiff that they will remove Messrs. Knowlton and Lashmett from their formal witness list but will otherwise reserve the right to call them as rebuttal witnesses on issues related to the enablement defense.

Defendants have never identified any fact witnesses on the enablement defense in their Rule 26(a) disclosures.  There are no such witnesses listed in their initial disclosure.  [Dkt 24].

Defendants have never submitted a supplementation or amendment to their initial Rule 26(a) disclosures.

ChemFree was never given an opportunity to depose any fact witnesses on the enablement defense during fact discovery. ChemFree acquiesced in Mr. Knowlton's personal request to take his deposition after the close of fact discovery due to his claims of personal illness. [Dkt 220, July 24, 2007]. There was, thereafter, no need to depose Mr. Knowlton after the October 29, 2007, Order, as Knowlton was never identified as having personal knowledge on any other subject matter related to this litigation. Thus, ChemFree has never had an opportunity to depose Mr. Knowlton regarding enablement issues. Similarly, ChemFree's deposition of Mr. Lashmett was relatively short. ChemFree was not given proper notice to depose Mr. Lashmett on enablement issues, inasmuch as the defense was never asserted until after his deposition and after the close of fact discovery.

Defendants' attempt to put on fact evidence in support of their enablement defense by calling previously undisclosed fact witnesses, for the first time, during the "rebuttal" portion of their case is an improper attempt to circumvent discovery and other disclosure requirements of the Federal Rules of Civil Procedure. ChemFree herein objects to Defendants' attempt to

augment their enablement defense with a parade of previously undisclosed fact witnesses under the auspices of putting on a "rebuttal" case. ChemFree submits that exclusion of Knowlton and Lashmett as fact witnesses is appropriate under Fed.R.Civ.P. 37(c)(1).

ChemFree prays that the Court will enter an order, *in limine*, restricting Defendants from offering the previous deposition testimony of Messrs. Binner and Calto from other cases and/or calling them to testify live at trial.

ChemFree prays that the Court will enter an order, *in limine*, restricting Defendants from calling Messrs. Knowlton, Lashmett, and any other previously undisclosed fact witness(es) on enablement issues during the rebuttal portion of their case.

Respectfully submitted, this 20th day of April, 2009.

DUANE MORRIS LLP

/s/ *William A. Capp*

William A. Capp (#108823)
Email: *bcapp@duanemorris.com*

700 Atlantic Center Plaza
1180 West Peachtree Street
Atlanta, Georgia 30309

Telephone: 404.253.6975
Facsimile: 404.393.5183

Counsel for Plaintiff
  ChemFree Corporation

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 20, 2009, I electronically filed the within and foregoing PLAINTIFF'S MOTION IN LIMINE NO. 6 - MOTION TO EXCLUDE WITNESSES NOT PROPERLY DISCLOSED DURING DISCOVERY with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

        Stephen M. Schaetzel
        King & Spalding, LLP
        *sschaetzel@kslaw.com*

                    /s/ *William A. Capp*
                    William A. Capp

> In accordance with Local Rule 7.1D, counsel for Plaintiff certifies that the foregoing has been prepared using the font Courier New 12 point.