# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHEMFREE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO: 1:04-CV-3711(JTC) |
| v. | ) |
| | ) |
| J. WALTER, INC. and | ) |
| J. WALTER COMPANY, LTD., | ) |
| | ) |
| Defendants. | ) |

## JOINT STATUS REPORT

NOW COME Plaintiff ChemFree Corporation and Defendants J. Walter, Inc. and J. Walter Company, Ltd. and, pursuant to the June 18, 2010 Order of the Court, [Dkt. 610, p. 61], hereby submit a joint statement of any remaining issues to be determined and a specific schedule required to present those issues for resolution, followed by separate statements by the respective parties.

### I.   JOINT STATEMENT

Preserving all rights under the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure, the parties jointly identify the following remaining and current issues to be determined:

1.    Plaintiff's Re-filed Application for Attorneys' Fees, filed June 24, 2010 [Dkt. No. 620]; and

2.    Plaintiff's Alternative Motions for Reconsideration, to Alter or Amend Findings and Conclusions, For New Trial, and to Alter or Amend Judgment, filed July 6, 2010 [Dkt. No. 628].

Further, with reference with these issues, the parties jointly submit the following proposed schedule:

1.    Regarding Plaintiff's Re-filed Application for Attorneys Fees, the matter is fully briefed and no further scheduling issue exists.

2.    Regarding Plaintiff's Alternative Motions, the parties submit that a conventional briefing schedule will initially suffice.  Should resolution of the motion necessitate additional scheduling, the parties respectfully request the opportunity to submit a proposed schedule at that time.

## II.    INDIVIDUAL STATEMENTS

**A.    PLAINTIFF'S STATEMENT.**

**1.    Remaining Issues to be Determined.**

**a.    Resolution of Plaintiff's Post-trial Motion(s)**.  On July 6, 2010, and pursuant to Local Rule 7.2 NDGa, Fed.R.Civ.P. 52(a)(5), 52(b), 59(a)(1)(b), 59(a)(2), 59(b), and 59(e),

Plaintiff filed certain post-trial motions, in the alternative, captioned - ALTERNATIVE MOTIONS FOR RECONSIDERATION, TO ALTER OR AMEND FINDINGS AND CONCLUSIONS, FOR NEW TRIAL, AND TO ALTER OR AMEND JUDGMENT.  Such motion is filed of record at Docket 628.  Briefing on this motion may proceed in accordance with motion practice under the local rules.

In the event that the Court grants a partial new trial and re-opens the Markman proceeding to further construe the term "non-caustic," Plaintiff will ask Defendants to stipulate that the range of pH in a fluid that can be tolerated by microorganisms is a broader range than the range of pH in a fluid that can be safely tolerated by human operators that clean parts in an open-basin environment.  In the event that Defendants refuse to so stipulate, Plaintiff intends to augment its re-opened *Markman* hearing presentation with extrinsic evidence in the form of scientific literature and/or expert testimony to establish that microbes and humans do not have identical ranges of tolerance with respect to caustic pH chemicals and that the range of safe tolerance for humans is considerably narrower than the range of tolerance of microbes.  In the event that the Court grants Plaintiff's motion for partial new trial on the *Markman* construction of "non-caustic,"

Plaintiff should be able to submit its scientific literature and/or expert declarations on the issue within two weeks of entry of an order granting a partial new trial.  Plaintiff will thereafter make every effort to make its expert(s) available for deposition within thirty days following receipt of any counter-declarations or other responsive literature furnished by Defendants in opposition.

  b. **Calculation of Rule 11 Sanctions Award Against McKenna, Long & Aldridge**.  On June 24, 2010, Plaintiff gave notice of the Re-filing of Application for Attorney's Fees in connection with the Court's Order dated June 10, 2008 [Docket 366], which imposed Rule 11 sanctions on Defendants' then counsel, McKenna, Long & Aldridge, in connection with Defendants' affirmative defense of inequitable conduct.  By separate order dated February 10, 2009, the Court granted Plaintiff's motion to defer ruling on its application for fees and further granted Plaintiff leave to renew said motion and application.  [Order, Docket 475].  The Court, in its Docket 475 Order further indicated that, in the event that such motion/application for fees was renewed, the Court would simply reinstate the motion as briefed, and that the parties would not otherwise be permitted to re-brief the issue. [Order, Docket

475, pp. 1-2]. Accordingly, the parties herein state that such motion/application is pending and ripe for ruling by the Court.

    c.    **Enforcement of Separate Rule 11 Penalty Against McKenna, Long & Aldridge**. In its Rule 11 ruling dated June 10, 2008 [Docket 366], the Court directed McKenna, Long & Aldridge to pay a penalty of $3,000.00 into the registry of the Court. [Order, Docket 366, p. 23]. There is no indication in the record that such directive has ever been complied with or otherwise enforced by the Court, to date.

    d.    **Filing of Adriaens Deposition Transcript Under Seal**. On motion by Defendants, the Court entered an Order, dated February 9, 2009, directing that the transcript from the January 29, 2009, deposition of Peter Adriaens be filed under seal. Plaintiff shows that there is no just cause to seal such transcript and herein requests that Defendants consent to an order un-sealing such transcript so as not to unduly burden the record on appeal. Defendant has requested a period of time until July 23, 2010, to consider whether it will consent to un-sealing the transcript. In the event that Defendants do not consent to such an order on or before July 23, 2010, Plaintiff intends to file a motion requesting that such transcript be un-sealed.

**e.    Plaintiff's caveat**.  In submitting the within statement jointly with Defendants, Plaintiff currently understands that the Court's June 18, 2010, Order, invalidating all 21 of Plaintiff's asserted patent claims as obvious under 35 U.S.C. § 103 effectively obviates, at least for the time being, any need for the case to proceed with further discovery into issues of damages, willful infringement, or entitlement to an injunction or for the case to otherwise proceed, at this time, to a jury trial on the issue of damages or for the Court to consider equitable relief, such as an injunction, before the case goes up on appeal.

However, in the event that the Court reconsiders or alters and amends its June 18, 2010, Order, prior to entry of judgment, so as to find that so much as a single asserted patent claim is both infringed and not invalid, then Plaintiff will need to revise its portion of the within joint statement such that the case will need to proceed with additional discovery and a second trial on the issues of damages, willful infringement, and equitable remedies such as a permanent injunction.

Nevertheless, in the event that all 21 asserted claims are determined to be and remain invalid after consideration of Plaintiff's post-trial motion(s) referenced above, then Plaintiff agrees that the foregoing list of issues are all that

remain to be determined before the case is ripe for appellate review.

        **2.**    **Scheduling Of Outstanding Issues.**

    **a.**    <u>**Partial New Trial on Markman Construction of "Non-Caustic."**</u>  In the event that the Court grants Plaintiff's motion for partial new trial on the *Markman* construction of "non-caustic," Plaintiff should be able to submit its scientific literature and/or expert declarations on the issue within two weeks of entry of an order granting a partial new trial. Plaintiff will thereafter make every effort to make its expert(s) available for deposition within twenty days following receipt of any counter-declarations or other responsive literature furnished by Defendants in opposition.  Assuming that Defendants complete their responsive submissions and make their expert available for deposition in accordance with a similar timetable, Plaintiff believes that a *Markman* hearing on "non-caustic" could be scheduled as early as September 1, 2010, and that such hearing could be completed in less than one-half day.

    **b.**    <u>**Other items**</u>.  Items II., A., 1., b. and c. above regarding the Rule 11 matters do not require further discovery, briefing, or hearing, and are ripe for ruling.  Item II., A., 1., d. above regarding the un-sealing of the Adriaens

transcript, if necessary, can be completed in accordance with the normal timetable for motion matters under Local Rule 7 and should not require oral argument or a hearing to resolve.

Subject to Plaintiff's caveat stated above with respect to the possible outcome of Plaintiff's pending post-trial motion(s) [Docket 628], Plaintiff states that there are no other outstanding, unresolved issues in the case.

**B.   DEFENDANTS' STATEMENT.**

Defendants are reviewing Plaintiff's post-trial motions filed yesterday, July 6, 2010.  See Item II., A., 1., a. above. It appears that a denial of such motions would result in no further scheduling issues.  It further appears that, depending on the Court's determination, a grant of such motions may result in further scheduling issues such as expert reports, depositions and another *Markman* hearing.  In view thereof, Defendants respectfully request that briefing of the Plaintiff's post-trial motions be conducted in the ordinary course and that any further scheduling issues be deferred until the Court rules on said post-trial motions.

With reference to "Enforcement of Separate Rule 11 Penalty Against McKenna, Long & Aldridge," Item II., A., 1., c. above,

Defendants submit that there is no further determination to be made by the Court.

Respectfully submitted this 7th day of July, 2010.

DUANE MORRIS LLP

/s/ *William A. Capp*
William A. Capp
Georgia Bar No. 108823
*bcapp@duanemorris.com*
Luke Anderson
Georgia Bar No. 018330

Atlantic Center Plaza
1180 West Peachtree Street NW
Suite 700
Atlanta, Georgia 30309-3448

Attorney for Plaintiff
CHEMFREE CORPORATION

KING & SPALDING LLP

/s/ *Stephen M. Schaetzel*
[signed w/expressed permission by WAC]
Anthony B. Askew
Ga. Bar No. 025300
Stephen M. Schaetzel
Ga. Bar No. 628653
*sschaetzel@kslaw.com*

1180 Peachtree Street
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5134

Attorneys for Defendants
J. WALTER, INC., AND
J. WALTER COMPANY, LTD.

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on July 7, 2010, a true and correct copy of the foregoing JOINT STATUS REPORT was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

/s/ *William A. Capp*
William A. Capp